PATRICK J. CUNNINGHAM, Appellant, v. ISAAC PRUSAN- SKY, Defendant; ELIX GOLDSTEIN, Respondent.

St. Louis Court of Appeals, November 20, 1894.

1. **Jurors**: PEREMPTORY CHALLENGES. The statute requiring a plaintiff to first announce his peremptory challenges of jurors is mandatory, and a violation of this requirement by the trial court is reversible error.

2. ————: ————: INTERPLEA IN ACTION BY ATTACHMENT. At the trial of an interplea in an action by attachment the interpleader is the plaintiff within the purview of this statute.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*James P. Maginn* for appellant.

The ruling of the court below, requiring the appellant to first exercise his right of peremptory challenge in the trial of the interplea was reversible error. R. S. sec. 6081; *State v. Steeley*, 65 Mo. 222 and 223; followed in *State v. Degonia*, 69 Mo. 485; *Brownell*

*and Wight Co. v. Barnard*, 116 Mo. 670; *Deering v. Collins*, 38 Mo. App. 73; *Spooner v. Ross*, 24 Mo. App. 399; *State v. Barker*, 26 Mo. App. 487; *Claflin v. Sommers*, 39 Mo. App. 414; *Teichman Commission Co. v. Bank*, 27 Mo. App. 676; *Meyberg v. Jacobs*, 40 Mo. App. 134; *Morgan v. Wood*, 38 Mo. App. 255; *Burgett v. Borchert*, 59 Mo. 80; *Bradley-Hubbard Mfg. Co. v. Bean*, 20 Mo. App. 111.

*Merrifield W. Huff* and *W. C.* and *J. C. Jones* for respondent.

(1) The provision of the statute which is claimed to have been violated is directory merely. *State v. Matthews*, 88 Mo. 121; *State v. Pitts*, 58 Mo. 556; *State v. Breen*, 59 Mo. 413; *State v. Knight*, 61 Mo. 373; *State v. Ward*, 74 Mo. 253; *State v. Gleason*, 88 Mo. 582; *McCrory v. Anderson*, 103 Ind. 12; *Gilchrist v. Braud*, 58 Wis. 184; *Santry v. State*, 67 Wis. 65; *Vojta v. Pelakin*, 15 Mo. App. 471; *O'Brien v. Boiler Works*, 7 Mo. App. 257; *Boyce v. Aubuchon*, 34 Mo. App. 315; *State v. Griffin*, 87 Mo. 608; *State v. Hart*, 66 Mo. 208; *State v. Jennings*, 98 Mo. 493. (2) The provisions of section 6081 of the Revised Statutes were not violated by requiring appellant to announce his challenges first. He was plaintiff and remained such, even after the interplea was filed. The term plaintiff, as there used, means the plaintiff in the record. *Deering v. Collins*, 38 Mo. App. 73; *Brownell v. Barnard*, 116 Mo. 670; *Spooner v. Ross*, 24 Mo. App. 599; *State ex rel. v. Barker*, 26 Mo. App. 487; *Teichman Com. Co. v. Bank*, 27 Mo. App. 676; *Morgan v. Wood*, 38 Mo. App. 255; *Moore v. Maine*, 29 Me. 560; *Perry v. Kennebunkport*, 55 Me. 453; *Society v. Staples*, 34 Conn. 544; *Richards v. Salter*, 6 Johns Ch. 444; *Meyburg v. Jacobs*, 40 Mo. App. 128; *Claflin v. Sommers*, 39 Mo. App. 419; Pome-

roy on Code Remedies, sec. 411; *Witler v. Fisher*, 27 Iowa, 9.

BOND, J.—Patrick J. Cunningham brought an attachment suit against Isaac Prusansky, and caused the writ to be levied upon certain personal property in the possession of one Elix Goldstein, who thereupon claimed the same by a statutory interplea. Cunningham filed his answer to said interplea, alleging that the interpleader's claim to the property in question was based on a fraudulent sale to him of the attached property. The interpleader filed a reply denying the averments of said answer. Upon the issues thus framed the cause came on for trial, whereupon the court called upon said Cunningham to exercise first his right of peremptory challenge of three jurors on the full panel presented, which he declined to do, on the ground that it was the duty of the interpleader to exercise first the right to peremptory challenge on the trial of the issues raised by his interplea, and requested the court to rule accordingly, which request the court refused and compelled said Cunningham to exercise first the right to peremptory challenge, to which ruling he excepted at the time, and properly saved the said exception for review in this court on an appeal from a verdict and judgment rendered in favor of said interpleader.

The statute regulating the right and order of peremptory challenges in civil trials is, to wit:

"In trials of civil causes each party shall be entitled to challenge, peremptorily, three jurors; but when there are several plaintiffs and defendants they shall join in their challenges, and the plaintiff shall, in all cases, announce his challenges first." R. S. 1889, sec. 6081. The supreme court has considered this provision of the statute in its application to criminal

cases, and held that its language is mandatory and imposes the duty of challenging first upon the prosecution, and that a failure to comply with its requirements in that respect is reversible error. *State v. Lakey*, 65 Mo. 217; affirmed in *State v. Degonia*, 69 Mo. 485. This ruling is necessarily decisive of its meaning on civil trials. It was passed in terms to govern civil trials, and was made applicable to state causes by another provision. In the case before the supreme court the facts called for the application of the provision to a criminal case. It was, therefore, essential to its decision that the language of the provision should be interpreted so as to determine its effect when applied in criminal proceedings.

The cases cited by respondent refer generally to the statutory method of summoning, drawing and impaneling jurors, and hold it is directory only in certain instances. None of these cases purport to construe the particular provision *supra*. It is obvious, therefore, whatever force we might be disposed to give to the reasoning of these cases if the question were an open one, that we can not apply it to the construction of a statutory provision whose meaning has been, as we have seen, expressly defined by the supreme court.

That the intepleader is the plaintiff in the sense contemplated by the statute prescribing the order of challenging jurors, is a conclusion which can not be avoided, when we consider the nature of a statutory interplea and its relation to the attachment suit in which it is interposed. An interplea of this sort is a *quasi* action of replevin grafted upon a suit by attachment. *Nelson Distilling Company v. Hubbard*, 53 Mo. App. 28, *et* citations. It is predicated, of course, upon an *assertion* of general or special ownership, on the part of the interpleader, of the attached property or its proceeds. He, therefore, commences a suit or seeks a

remedy for an injury to his rights, and is thus brought within the legal definition of a plaintiff. That this status is the logical result of the proceeding instituted by him, has been expressly held by this court in the recent case of *Kirschenschlager v. Armitage Herschel Co.*, 58 Mo. App. 165. The same rule has been announced by the supreme court in *Brownell & Wight Car Co. v. Barnard*, 116 Mo. 670.

The action of the trial court, in requiring plaintiff in the attachment suit to challenge first from the panel of jurors selected to try the issues formed on the interplea, was in contravention of the language of the statute, *supra*, since to that proceeding the plaintiff in the attachment was in legal intendment the defendant, and the interpleader the plaintiff. This error is presumptively prejudicial, and cast the burden upon the party claiming the benefit of the judgment to satisfy the appellate court that it was not prejudicial. *Clark v. Fairly*, 30 Mo. App. 335; *State v. Taylor*, 118 Mo. 153. This nowhere appears from the present record. The judgment herein will, therefore, be reversed and the cause remanded. All concur.