ROBERTSON, *Receiver*, v. STAED, *Appellant*.

### Division One, June 23, 1896.

1. **Receiver:** FOREIGN COURT: REPLEVIN. The appointment by the courts of the republic of Mexico of a receiver of an insolvent corporation and the possession thereunder of personal property there, will authorize the receiver to maintain replevin in the courts of this state for such property brought within their jurisdiction, and this is true even as against the claims of attaching creditors residing in the United States.

2. ———: ———: ———: BURDEN OF PROOF. Where plaintiff claims such property here by virtue of his appointment as such receiver it is incumbent on him to show that the court entering the judgment appointing him had jurisdiction to do so.

3. ———: ———: ———: PRIMA FACIE CASE. Evidence that the foreign court so appointing the receiver uniformly exercised jurisdiction in such matters is sufficient in absence of evidence to the contrary to show its authority to make the appointment.

4. **Foreign Laws:** MANNER OF PROVING. The manner of proving foreign laws stated.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*W. C. & J. C. Jones* and *C. C. Kidd* for appellant.

(1) *First.* The petition in an action of replevin must state that the plaintiff has a general or special property in the subject-matter of the suit. *Benedict, etc., Co. v. Jones*, 60 Mo. App. 219. *Second.* A receiver can not sue in a foreign jurisdiction. *Ins. Co. v. Needles*, 52 Mo. 17; *Glenn v. Hunt*, 120 Mo. 341; *Booth v. Clark*, 17 How. (U. S.) 322. (2) The court erred in the admission of testimony. *Charlotte v. Chouteau*, 25 Mo. 465; *White v. Chaney*, 20 Mo. App.

396; *Meyer v. McCabe*, 73 Mo. 241; *Hofheimer v. Losen*, 24 Mo. App. 659; *Bailey v. Lincoln Academy*, 12 Mo. 175; *Ennis v. Smith*, 14 How. (U. S.) 426; *Pierce v. Indseth*, 106 U. S. 551. (3) *First.* A receiver has no extra territorial power and can not sue outside of the jurisdiction of the court which appointed him. *Booth v. Clark*, 17 How. (U. S.) 322; *Brigham v. Luddington*, 12 Blatchf. (U. S.) 237; *Hazard v. Durrant*, 19 Fed. Rep. 471; *Moseby v. Burrow*, 52 Tex. 396; *Moreau v. Du Bellet*, 27 S. W. Rep. 503; *Morton v. Hatch*, 54 Mo. 408; *May v. Burk*, 80 Mo. 675; *Tittman v. Thornton*, 107 Mo. 500; *State ex rel. v. Gambs*, 68 Mo. 296; *Humphreys v. Hopkins*, 81 Cal. 551; *Ins. Co. v. Needles*, 52 Mo. 17; *Glenn v. Hunt*, 120 Mo. 341; High on Receivers, sec. 239. *Second.* In some states, on principles of comity the general rule above stated is relaxed but not to the detriment of domestic creditors. *Hunt v. Ins. Co.*, 55 Me. 290; *Taylor v. Ins. Co.*, 14 Allen (Mass.), 353; 37 Cent. L. J., p. 318; High on Receivers, sec. 242. *Third.* A receiver is an officer of the court and can not maintain an action in his representative capacity without leave of the court appointing him. *Booth v. Clark*, 17 How. (U. S.) 322; *Schreven v. Clark*, 48 Ga. 41; *Alexander v. Ralfe*, 9 Mo. App. 139. *Fourth.* When a receiver is permitted on principles of comity to sue in a foreign jurisdiction, the jurisdiction of the court appointing him must be proved. *Kronberg v. Elder*, 18 Kan. 150; Beach on Receivers, sec. 687; 1 Greenleaf on Evidence, sec. 540. See authorities cited under point 2.

*Joseph S. Laurie* for respondent.

(1) It is clear that, as a matter of right, a receiver can not demand recognition outside of the jurisdiction of his appointment, yet it is now generally held that

he may, as a matter of comity, maintain suits in foreign courts, provided only that such comity will not be extended to the detriment of creditors resident in such foreign jurisdiction. 20 Am. and Eng. Ency. of Law, p. 242; Beach on Receivers, sec. 234; 23 Law Rep. Ann., p. 54; Works on Jurisdiction, pp. 57, 58; 6 Thompson on Corporations, p. 5831. (2) Independently of the matter of comity a receiver who has been appointed by a foreign court, and who by virtue of such appointment has taken into his possession and custody within said jurisdiction property belonging to an insolvent debtor, thereby acquires a special property in said chattel, and when the same, upon being sent or removed into this state or any other jurisdiction is there seized and detained by a creditor of said insolvent, he is thereby entitled, as a matter of right, to institute and maintain in the courts of this state an action of replevin for its recovery. High on Receivers, sec. 244; Beach on Receivers, secs. 234, 670; *Railway Co. v. Packet Co.*, 108 Ill. 317; *Cagill v. Wooldridge*, 35 Am. Rep. 716; *Hurd v. Elizabeth*, 41 N. J. L. 1. (3) The objection to plaintiff's right to maintain this action, if tenable at all, affects simply his legal capacity to sue, and, being apparent upon the face of the petition, is waived by defendant's failure to file a demurrer to the petition based on such ground. *Crenshaw v. Ullman*, 113 Mo. 633, citing *Pettingill v. Jones*, 21 Mo. App. 210; *State to use v. Hunt*, 46 Mo. App. 616; *Walker v. Deaver*, 79 Mo. 664; *State to use v. Sappington*, 68 Mo. 454; *Spillane v. Railroad*, 111 Mo. 555; *Butler v. Lawson*, 72 Mo. 227; *Hammons v. Renfro*, 84 Mo. 334.

MACFARLANE, J.—This is an action of replevin to obtain the possession of a special railroad car known as the "Sierra Majado."

The Monterey and Mexican Gulf Railroad Company is a corporation of the state of New York, which owned and operated a railroad in the republic of Mexico. This corporation having become insolvent, its property was, by a decree of the federal district court for the state of Neuvo Leon, placed in the hands of plaintiff Robertson as receiver. Under and by authority of this decree the receiver was put into the possession of all the property of the corporation, including the car "Sierra Majado." This car was used by the managing officer of the corporation in traveling over the road and elsewhere on the business of the corporation. It was the private car of the executive officers of the company, and with the other property went into the possession of the receiver within the jurisdiction of the court.

In 1892 plaintiff brought the car from the republic of Mexico to St. Louis, where it was attached at the suit of Fairbanks, Morse & Company, creditors of said corporation, and citizens of the state of Illinois. Under a writ of attachment issued in that suit, which was against the corporation, the car in question was taken in possession by defendant who is the sheriff of the city of St. Louis. This suit is by Robertson, as such receiver, to regain possession of the car.

I. The controlling controversy in this case is whether a receiver, appointed by a court of the republic of Mexico, can, as against an attaching creditor of the debtor, who resides in the state of Illinois, recover, by a suit in a court of this state, the property of the debtor, which had come into possession of the receiver in Mexico, and which was brought into the jurisdiction of the Missouri court by the receiver himself.

The general rule is that a receiver, appointed by a court of chancery, has no legal status outside the territorial jurisdiction of the court appointing him. He receives his powers from the court, and can only exer-

cise them within its jurisdiction. The court itself has no power beyond the bounds of its jurisdiction and can confer none upon the receiver. This strict rule of legal right is generally recognized. *Ins. Co. ex rel. v. Needles*, 52 Mo. 17; *Booth v. Clark*, 17 How. (U. S.) 322; Beach, Receivers, secs. 680, and note for cases.

The rule, however, is not applied with the same strictness with which it is declared, but courts often, in the spirit of comity, recognize the rights and powers of receivers appointed in other jurisdictions, and allow them to sue for and recover property which they are entitled to hold under the order appointing them or to pursue generally their remedies. This spirit of comity has been so generally acted upon as to create an exception to the rule, almost as well established as the rule itself. In most courts of the United States it is only withheld when to allow it would contravene the laws or public policy of the state, or would defeat or impair the rights of resident creditors. Beach, Receivers, sec. 682; Gluck & Becker, Receivers of Corp., sec. 57, and cases cited in notes.

So far as I am advised this court has never either recognized or denied this exception, nor do we deem it necessary to pass upon it in this case. The principle upon which we think this case must be ruled is one of law and not of comity.

The order of the federal court of Mexico required all the property of the railway corporation to be delivered into the hands of the receiver who was directed to preserve and manage it for the benefit of all the creditors. Under this order the receiver obtained possession of the car in question within the jurisdiction of the court appointing him. The possession of the receiver was, therefore, lawful when taken. The car, with all other property of the corporation, was held for the benefit of foreign as well as domestic creditors. The creditors

residing in the United States had no rights superior to those of the creditors residing within the jurisdiction of the court. It can not be seen how those rights became paramount when the property was brought by the lawful possessor, within the jurisdiction of the courts of the United States. Courts will protect the rights of domestic creditors, and will not permit property located in their jurisdictions to be carried away by a receiver of a foreign state or nation, until all such creditors are satisfied. But we know of no principle upon which rights of domestic creditors can be created by reason of the property, in the lawful possession 'of the receiver, being brought within their jurisdiction. Such a rule would greatly embarrass the receiver in the discharge of his duties, and would, in many cases, affect injuriously the rights of creditors. Hence it is generally ruled that after a receiver has obtained possession of the property of the debtor within the jurisdiction of the court appointing him, such possession will be protected into whatever jurisdiction the property may thereafter be taken by the receiver.

The order of the court and the subsequent possession thereunder vested in the plaintiff a special property in the car which authorizes him to maintain this suit. *Cagill v. Wooldridge*, 8 Baxt. (Tenn.) 580; *Bank v. McLeod*, 38 Ohio St. 174; *Bagby v. Railroad*, 86 Pa. St. 291; *Railroad v. Packet Co.*, 108 Ill. 317; *McAlpin v. Jones*, 10 La. Ann. 552; *Pond v. Cooke*, 45 Conn. 126.

HENRY, J., in his dissenting opinion, in argument, states the rule thus: "A suit by the receiver to recover property of which he had obtained possession, but which has been taken from him, rests upon a different ground. In such a case his former possession created a special property which will support the action." *State ex rel. v. Gambs*, 68 Mo. 296. This declaration, while probably not necessary to a decision of the question in

issue, was not inconsistent with what was said by the majority of the court, and, at least, expresses the views of the learned writer.

The rule is thus expressed by recent text writers: "So long as the property is taken from the corporation, and placed in the hands of the receiver, with full power, under the direction of the court, to settle the estate of the corporation, it can not be taken from the receiver by a creditor of the corporation, but will be treated in another state precisely as it would have been by the courts of the state where the receiver was appointed, if the controversy had arisen there." Gluck & Becker, Receivers of Corp., sec. 57, at p. 183.

In *Railroad v. Packet Co., supra,* the controlling facts were similar to the facts in this case. The property of the Packet Company had been put into the hands of a receiver under an order of a court in the state of Missouri. The property, including a certain barge, came into the hands of the receiver. In conducting the business of the company the receiver sent the barge to Quincy in the state of Illinois, where it was taken by the sheriff under attachment by an Illinois creditor of the Packet Company. The receiver interpleaded claiming the property under the order of court and his possession thereunder. The court held that the suit could be maintained.

Upon this state of facts the court stated the law as follows: "By taking the barge into his possession within the jurisdiction of the court that appointed him, a special property in the barge became vested in the receiver, and it is the established rule that where a legal title to personal property has once passed and become vested in accordance with the law of the state where it is situated, the validity of such title will be recognized everywhere." (*loc. cit.* 324.)

In *Pond v. Cooke, supra,* a receiver appointed in

New Jersey transported iron to the state of Connecticut to be used in completing a contract of the debtor made prior to the appointment of the receiver. The property was taken under attachment by a creditor of the state of Connecticut. The property was claimed by the receiver. The court, in deciding the controversy, says: "Thus it appears that the property was in the possession of the defendant as receiver when it came into this state. He was invested with it, and was legitimately performing the duties of his appointment in completing the contract by its use when it was attached by the plaintiff. In these circumstances comity among the states requires that the case should be regarded by our courts precisely as it would have been by the courts of New Jersey if the controversy had arisen there."

The court says further: "When property has once vested in a trustee, assignee, or receiver, by the law of the state where the property is situated, it makes no difference whether it is done under the local law of the state or under the common law. The law of another state will not divest the trustee, assignee, or receiver of his right to the property, should he take it into such state in the performance of his duty."

In *Brownell v. Manchester*, 1 Pick. 233, it was held that a sheriff in the state of Massachusetts, who had attached property in that state, did not lose his special property by removing the attached property into the state of Rhode Island for a lawful purpose.

An administrator who has obtained a judgment in his representative capacity in the domestic court, has been allowed to maintain an action in his own name, on the judgment in a foreign court, on the ground that the title to the judgment was vested in him. *Lewis v. Adams*, 70 Cal. 403; *Barton v. Higgins*, 41 Md. 539; *Cherry v. Speight*, 28 Texas, 503; *Rucks v. Taylor*, 49 Miss. 552.

Our opinion is that the order of the court, and the subsequent possession thereunder in Mexico, vested in the plaintiff a special property in the car and authorized him to maintain this suit for the recovery of the property even against the claim of creditors of the United States.

II.   The pleadings put in issue the jurisdiction of the court appointing the receiver.

The only proof of the jurisdiction was the evidence of witnesses who had knowledge of the laws of Mexico, and of the proceedings of the courts of that country.   This evidence showed that the district courts of Mexico uniformly exercised jurisdiction in the appointment of receivers, and in controlling the affairs of insolvent corporations until the property could be sold and applied to the payment of the debts. It was not shown whether or not the jurisdiction of these courts was defined by statute or was fixed by long continued exercise of it.   The record of the proceedings appointing plaintiff receiver of the Monterey & Mexican Gulf Railway Company discloses the fact that the appointment grew out of attachment proceedings against the corporation, and the nomination of creditors as provided by the commercial code of Mexico.   It also appears on the face of the record that the duty of receivers and his powers, are matters of statutory regulation.   It is insisted by defendant that as the record shows that the court is governed by statute law, the jurisdiction of the court to appoint plaintiff receiver could only be established by the statute itself.

As plaintiff claims a right to the possession of the property solely by virtue of the judgment of a foreign court it was incumbent on him to prove that the court had jurisdiction to confer the right upon him.   The property belonged to the corporation for whose debt the car in question was attached.   The attachment is

valid, and the right of defendant, as sheriff, to hold the property is complete unless plaintiff has shown a valid transfer, not only of the possession, but the right of possession, to himself prior to the attachment. If the court had no jurisdiction to make the appointment the judgment conferred no right upon the receiver.

Greenleaf says: "In order to found a proper ground of recognition of a foreign judgment, * * * it is indispensable to establish that the court which pronounced it had a lawful jurisdiction over the cause." 1 Greenlf. Ev., sec. 540; *Taylor v. Ins. Co.*, 14 Allen, 357. See, also, *Kronberg v. Elder*, 18 Kan. 150, in which it is held by BREWER, J., that one claiming a right, as receiver, must show that the court had jurisdiction to confer the right.

What the laws of foreign countries are, when made an issue in a case, must be proved as other facts. If they are written, the laws themselves, or authenticated copies, must be produced; if they are not written, then they may be proved by the evidence of witnesses who are competent to testify on the question. *Charlotte v. Chouteau*, 25 Mo. 465; 1 Greenlf., Ev., sec. 486–488; *Pierce v. Indseth*, 106 U. S. 551.

If the jurisdiction of the district courts of Mexico is not defined by statute we are of the opinion that the evidence offered by plaintiff makes, *prima facie*, sufficient proof of it to authorize the judgment. The fact that a foreign court uniformly exercises jurisdiction over a subject in the absence of proof to the contrary ought to be taken as evidence of the jurisdiction. That is about the only proof of which the fact is susceptible, except probably the written or published decisions of the court itself, if such should be in existence, of which there is no proof in this case.

But the defendant insists that the record of the judgment and decree of the court appointing and con-

firming plaintiff as receiver shows upon its face that the court is governed by statute laws and therefore the laws themselves should have been produced.

A careful examination will show that the reference to a code and to the commercial law applies to the matter of procedure in court rather than the jurisdiction of the court. We are not concerned in this collateral proceeding about how the receiver was appointed or what his duties are under the statutes of Mexico. If the court had jurisdiction to appoint him, the judgment itself affords at least presumptive evidence that the proper steps were taken. Greenlf. Ev., sec. 541; *Pelton v. Platner*, 13 Ohio, 217. The judgment is affirmed. ROBINSON J., concurs. BARCLAY, J., concurs in conclusion. BRACE, P. J., absent.