WATERS-PIERCE OIL COMPANY, Respondent, v. AMER-
ICAN EXCHANGE BANK, Garnishee; CALEB
S. BELL, Appellant.

St. Louis Court of Appeals, October 26, 1897.

Receiver of Foreign Corporation: CAPACITY TO SUE IN COURTS OF
MISSOURI. The receiver of a foreign corporation, appointed by a
foreign court, has no legal capacity to sue for and recover property
of such corporation found within the jurisdiction of the courts of this
state. Though, as an act of comity, the courts of Missouri may per-
mit such receiver to sue in their jurisdiction for the recovery of spe-
cific property. *Robertson v. Staed*, 135 Mo. 135. But this favor will
not be granted when to do so would operate to permit the receiver to
take property out of this state to the injury of domestic creditors. *Id.*

*Appeal from the St. Louis City Circuit Court.*—HON.
HORATIO D. WOOD, Judge.

AFFIRMED.

*Sanders & Swarts* for appellant.

The bank check drawn only for part of a drawer's
deposit is not an assignment of the fund *pro tanto.*
*Dickinson v. Coates*, 79 Mo. 250; *Coates v. Doran*, 83
*Id.* 337; *Boyer v. Hamilton*, 21 Mo. App. 523, 524;
2 Daniel on Neg. Inst., secs. 1635–1645; *Bank v.
Yardly*, 17 S. C. Rep. 439.

Bell is a statutory receiver, and as such, by force
of the Arkansas insolvency act and the decree of the
court, has a standing in a court of Missouri as against
a Missouri creditor of the Arkansas corporation. He
is a statutory trustee and is recognized as assignee
vested with legal title. 20 Am. and Eng. Ency. Law,
242–246, and notes; Gluck & Beck on Rec. 188, secs.
57, 58, and notes; *Parsons v. Life Ins. Co.*, 31 Fed.

Rep. 305; *Graydon v. Church*, 7 Mich. 36; *Relfe v. Rundle*, 103 U. S. 202; *Fry v. Rundle*, 31 Fed. Rep. 197; *Glaser v. Priest*, 29 Mo. App. 17; *Weingartner v. Rundle*, 32 *Id.* 314; *Glen v. Hunt*, 120 Mo. 314; *Robertson v. Staed*, 135 Mo. 135; *Bockober v. Life Ass'n*, 77 Va. 85; 5 Thomp. on Corp., secs. 6920, 6939; Beach on Rec., sec. 234.

*John H. Boogher* and *Perry Post Taylor* for respondent.

The demurrer to appellant's interplea was properly interposed. *Distilling Co. v. Hubbard*, 53 Mo. App. 28; *Cunningham v. Prusansky*, 59 *Id.* 498; *Kirschenschlager v. Herschel Co.*, 58 *Id.* 168; R. S. 1889, secs. 2043, 2303.

A receiver can not sue in a foreign jurisdiction for the property of the debtor. *Insurance Co. v. Needles*, 52 Mo. 117; *Booth v. Clark*, 17 How. 322; High on Rec. [3 Ed.], sec. 47, pp. 45, 46; *Mill Co. v. Rantell*, 19 Fed. Rep. 197; *Hazard v. Durant, Id.*, at 477; *Young v. Aronson*, 27 *Id.* at 242; *Atkins v. R'y*, 29 *Id.* at 173; *Moreau v. Du Bellet* (Tex. Civ. App.), 27 S.W. Rep. 503; *Moseby v. Burrow*, 52 Tex. 402.

Courts will protect the rights of domestic creditors, and not permit property located in their jurisdiction to be taken away by a receiver of a foreign jurisdiction until all such creditors are satisfied. MACFARLANE, J., in *Robertson v. Staed*, 135 Mo. at 140. See, also, 6 Thomp. on Corp. [1896 Ed.], secs. 7334–7338; Beach on Rec. [Alderson's Ed.] 245, sec. 254; Gluck & Beck on Rec. [2 Ed.] 229; *Wilson v. Gifford*, 12 Ohio Cir. Ct. Rep. 597; *Woodward v. Roane*, 23 Ark. 523; *Runk v. St. John*, 29 Barb. (N. Y.) at 587; *Hunt v. Gilbert*, 54 Ill. App. 491; *Lett v. Thurber Co.*, 15 Pa. Co. Ct. Rep. 666; *R'y v. Packet Co.*, 108 Ill. at 322; *Thurston v. Rosenfield*, 42 Mo. at 479; *Blake v. Williams*, 6 Pick.

(Mass.) 286; *Taylor v. Ins. Co.*, 14 Allen (Mass.), at 355; *Willitts v. Waite*, 25 N. Y. 577; *Catlin v. Silver Plate Co.*, 123 Ind. 477; *Hurd v. City of Elizabeth*, 41 N. J. Law, at 3; *Pierce v. O'Brien*, 129 Mass. 314.

BLAND, P. J.—The respondent is a Missouri corporation. The appellant Bell is a resident of the state of Arkansas. The facts are, that the City Savings Bank and Trust Company, an Arkansas corporation, heretofore doing business at Hot Springs, Arkansas, on April 29, 1896, drew a draft for $253.80 on the American Exchange Bank of St. Louis (its depository) payable to the order of the respondent, which draft was on the second day of May, 1896, presented to the American Exchange Bank for payment, which was refused. The draft was duly protested for nonpayment, of which notice to the drawer was given. The respondent sued the City Savings Bank and Trust Company by attachment, and on the ninth day of May, 1896, summoned the American Exchange Bank as garnishee. On the first day of May, 1896, the appellant Bell was appointed receiver of the City Savings Bank and Trust Company by the chancery court of Garland county, Arkansas. Service by publication in the attachment proceedings was had on the City Savings Bank and Trust Company. The American Exchange Bank, in answer to interrogatories, stated that at the date of the service of garnishment it owed the City Savings Bank and Trust Company the sum of $436.23 which sum it paid into court under an order made on its motion. The respondent recovered judgment against the City Savings Bank and Trust Company for $278.60 and costs of suit. The Garland county chancery court authorized Bell as receiver to sue for and collect the debt due from the Exchange Bank to the City Savings Bank and Trust Company,

and as such receiver he interpleaded for the fund after it had been paid into court by the Exchange Bank. His interplea was adjudged bad in substance on demurrer and judgment was rendered against him, from which he appealed to this court.

An interpleader in an attachment occupies the position of a plaintiff in an ordinary civil action, and the plaintiff in the attachment takes the place of a defendant. *Kirschenschlager v. Herschel Co.*, 58 Mo. App. *loc. cit.* 168. Under our statute an interplea like this is but an action of replevin "engrafted on the attachment." *Burgert v. Borchert*, 59 Mo. 80; *Cunningham v. Prusansky*, 59 Mo. App. 498; *Mansur v. Hill*, 22 Mo. App. 875. Bell being the receiver of a foreign corporation, appointed by a foreign jurisdiction, had no legal capacity to sue for and recover property of such foreign corporation found in this jurisdiction. *Insurance Company v. Needles*, 52 Mo. 17; *Booth v. Clark*, 17 Howard (U. S.), 322. His appointment by the Arkansas court could confer no powers upon him beyond the territorial jurisdiction of that court, and as a matter of strict right the courts of this state are not bound to recognize him as receiver of the City Savings Bank and Trust Company. High on Receivers [3 Ed.], sec. 47; *Young v. Aronson,* 27 Fed. Rep. *loc. cit.* 242; *Atkins v. R. R.*, 29 Fed. Rep. *loc. cit.* 173; *Moreau v. Du Bellet*, 27 S. W. Rep. (Texas App.) 503. While this is the rule, the courts of this state may as an act of favor or comity permit a receiver appointed by a foreign jurisdiction to sue in the courts of this state for the recovery of specific property, as was done in *Robertson v. Staed*, 135 Mo. 135. But this favor or comity will not be indulged where to grant it would operate to permit the receiver to take out of this state property to the injury of domestic

RECEIVER of foreign corporation: capacity to sue in courts of Missouri.

creditors. He should satisfy the domestic creditors before applying to our courts to aid him to carry away the property of the insolvent corporation of which he is a receiver. *Robertson v. Staed, supra; Thurston v. Rosenfield*, 42 Mo. *loc. cit.* 479; *Woodward v. Roane*, 23 Ark. 523; *Hunt v. Gilbert*, 54 Ill. App. 491; *Willitts v. Waite*, 25 N. Y. 577; High on Receivers [3 Ed.], sec. 47; 6 Thompson on Corporations [1896 Ed.], secs. 7334–7338. This Bell did not offer to do. On the contrary, he was seeking to do the very thing the authorities say he should not be permitted to do—that is, to get possession of this fund, which the respondent by legal process had caused to be paid into court, and carry it out of the jurisdiction of the courts of this state and beyond the reach of respondent. No court having a wholesome regard for the protection of domestic creditors could afford in such circumstances to permit Bell as receiver to prosecute his interplea. The appellant, however, contends that under an Arkansas statute and the order of the Arkansas court made in pursuance thereof, the receiver becomes invested with the absolute title to the property of the insolvent bank. If this contention is correct, then he would be upon the same footing as an assignee under a deed of assignment for the benefit of creditors, and could interplead in this case. The statute as set out in the interplea reads as follows:

"Whenever, in any case, a receiver shall be appointed for a corporation or the trustees thereof, or any copartnership or joint stock company, and the order or decree of the court, judge or chancellor shall be that the lands, tenements, goods, chattels, funds, assets, moneys, choses in action, rights and interests of every kind, name and nature, either in law or equity, or any part thereof, belonging to the same,

shall be placed in the hands of such receiver, he shall, from thenceforward, until the further order or decree of the court, judge or chancellor, have full possession, custody and control thereof, and shall be vested with the title, so far as it shall be necessary to collect debts, preserve the assets and property for the benefit of creditors and all persons interested, and may and shall bring and prosecute and defend all suits in his own name that may be necessary for that purpose."

The possession, control, custody and title passed by the order and. the statute, are not absolute, but qualified or limited. The title is passed so far as shall be necessary to collect debts, preserve the assets and property for the benefit of creditors, and is subject to the future orders, etc., of the court. This kind of title falls far short of an absolute one, and is no greater nor of higher quality, than is ordinarily passed to a receiver appointed under the general equity jurisdiction of the courts of chancery of the country, except as to the right to sue and defend suits in his own name. He is nothing more than an ordinary receiver of an insolvent concern, notwithstanding the statute. As such the case of *Relfe v. Rundle*, 103 U. S. 222, and kindred cases cited in appellant's brief are inapplicable. It follows that the judgment is affirmed. All concur.