Clark v. Hughes.

J. H. CLARK, Receiver, etc., Appellant, v. D. W. HUGHES, Respondent.

St. Louis Court of Appeals, February 15, 1898.

Practice, Appellate: BILL OF EXCEPTIONS: FAILURE TO PRESERVE EXCEPTION. An assignment of error as to the giving of instructions is not reviewable, where the bill of exceptions fails to show that any exception was made to the instructions at the time they were given.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*A. L. Abbot* and *F. R. Jesse* for appellant.

No brief filed for respondent.

BOND, J.—Plaintiff as receiver of a foreign insurance company sued the defendant for $55.30, alleged to be due from him as a member of the association by virtue of an assessment made in pursuance of its laws.

A demurrer was filed and overruled, whereupon defendant answered denying specifically the allegations of the petition. The case was submitted to the court without a jury. Evidence was introduced by both parties on the issues joined, after which the court at defendant's request gave the following declarations of law:

"1. The court, sitting as a jury, declares the law to be that the plaintiff being a foreign receiver appointed by the court of Illinois, has no right to maintain this cause of action in this state.

"2. The court declares the law to be that under all the evidence introduced in the case, plaintiff is not entitled to recover."

The bill of exceptions shows that no objections or exceptions were taken at the time the above declarations of law were given, nor were any declarations asked or given on behalf of plaintiff. Judgment was rendered for defendant, from which plaintiff appeals.

BILL of exceptions: failure to preserve exception.

The learned counsel for appellant assigns the giving of the above declarations of law as error. We are debarred from passing upon this assignment on account of the failure of the bill of exceptions to show that any objection or exception was made to the declarations of law at the time they were given by the court. *Shannon v. R'y*, 54 Mo. App. 223, and citations. If they were open to review, we should be inclined to hold that the first was a correct statement of the general rule on that subject as announced by the supreme court of this state. *Robertson v. Staed*, 135 Mo. 135, and citations. But we would have been compelled to hold that it should not have been given in the case on trial, since the record discloses that plaintiff's authority to sue as a foreign receiver was fully set out on the face of the petition, and should therefore have

been objected to by a special demurrer, and was waived by the subsequent answer filed by defendant. *Gregory v. McCormick*, 120 Mo. *loc. cit.* 663, and citations; R. S. 1889, sec. 2043-2047. There being no matter of exception preserved by the bill of exceptions in this case we are not at liberty to weigh the testimony upon which the judgment of the lower court was rendered. It will therefore be affirmed. All concur.