## OAKES *v.* LAKE.

No. 5.   Argued October 11, 1933.—Decided November 6, 1933.

*Mr. George B. Guthrie,* with whom *Messrs. James G. Wilson* and *John F. Reilly* were on the brief, for petitioner.

*Mr. William Healy* submitted for respondent.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

This is an action under the Idaho " claim and delivery " statute brought by petitioner in the federal district court for the district of Idaho.   The complaint alleges that petitioner is a resident and inhabitant of the State of Oregon, and is the duly qualified receiver of the property which is the subject matter of the action, having been so appointed by an Oregon state circuit court; that follow-

ing his appointment and qualification, and prior to March, 1931, as such receiver he took into his possession certain designated cattle, and has ever since been entitled to the immediate and exclusive possession thereof; that about the first day of July, 1931, the respondent took possession of the cattle in the State of Idaho by virtue of a writ of attachment; that respondent has refused to return said cattle to petitioner, although demand therefor was made prior to the commencement of the action. Judgment was prayed to the effect that petitioner is the owner and entitled to the immediate possession of the cattle, and in lieu thereof that he recover from respondent the sum of $5,000.

The answer, among other things, denies that petitioner took possession of the cattle as alleged, or any of them, and avers affirmatively that respondent in his official capacity seized the cattle upon a writ of execution duly issued by an Idaho state district court.

The case was tried before the federal district court and a jury. Petitioner offered evidence tending to show that he had taken actual possession of the cattle in the State of Oregon, and that the cattle thereafter were found in Idaho and there seized by respondent. At the conclusion of petitioner's case respondent moved for non-suit and dismissal, upon the grounds, (1) that the proof shows that plaintiff had no capacity to sue in the courts of Idaho, since he had neither title to the property under the Oregon law or the order of the court appointing him, nor actual possession thereof, either in the State of Oregon or in the State of Idaho; (2) that an action of replevin will not lie in a United States court against a sheriff to take property from the possession of a state court. A third ground was urged, which we do not consider. It is without merit and is not pressed here. The court granted the motion, saying " that the proof is insufficient to initiate the liability on this hearing."

1. Upon appeal to the circuit court of appeals, that court, without considering other assignments of error, affirmed the judgment upon the ground that a receiver appointed in a state court is not entitled to sue in a foreign jurisdiction to repossess cattle, which, after being put in charge of his agent, cross over the boundary line into a foreign jurisdiction. Although respondent contends otherwise, the court below reached that conclusion in the face of an assumption that actual possession of the cattle had been taken by petitioner in Oregon. The language of the court follows:

" Granting the soundness of the contention that the receiver was entitled to the undisturbed possession of the property *and assuming that he actually had such possession* [italics supplied], and granting or assuming that he had the power to sue locally in replevin for an unlawful interference with his right of possession, nevertheless such right of possession did not vest him with the title necessary to sue in the court below without an ancillary appointment therein; and he was not entitled to bring the suit as a matter of comity." 62 F. (2d) 728, 730.

Upon the same assumption, namely, that the receiver had reduced the property to his actual possession in the State of Oregon, we reach a different conclusion.

The general rule undoubtedly is that an ordinary chancery receiver, having no other authority than that arising from his appointment as such, cannot as of right maintain an action in a state other than that in which he was appointed. The decision in *Booth* v. *Clark,* 17 How. 322, to that effect has been uniformly followed by this court. See, for example, *Great Western Mining Co.* v. *Harris,* 198 U.S. 561; *Sterrett* v. *Second National Bank,* 248 U.S. 73. The very terms in which the rule is expressed, however, clearly recognize that where the receiver has " other authority than that arising from his

appointment as such," he may under some circumstances maintain an action outside the state of his appointment. And so it definitely has been held.

The foreign receiver may maintain such a suit, so far at least as the federal courts are concerned, where title to the property in question has been vested in him by conveyance or statute. In *Bernheimer* v. *Converse,* 206 U.S. 516, it was held that a receiver might sue in a foreign jurisdiction to collect upon the statutory liability of stockholders of a corporation, where the statute of the state conferred the right upon the receiver as *quasi*-assignee. Following that decision, this court, in *Converse* v. *Hamilton,* 224 U.S. 243, 256 *et seq.,* while reiterating the rule laid down in *Booth* v. *Clark, supra,* pointed out that the receiver suing in the *Hamilton* case was not merely an ordinary chancery receiver, but much more; that under the laws of the state of his appointment he became a *quasi*-assignee, vested with the rights of the creditors against the stockholders, and charged with the enforcement of those rights in the courts of the state and elsewhere; that his right to maintain an action in another state properly could not be denied as presenting a question only of comity unaffected by the full faith and credit clause of the Federal Constitution. The case involved the right of a receiver of an insolvent Minnesota corporation to maintain a suit in Wisconsin against two stockholders to enforce an asserted double liability imposed by the Minnesota statute. The Wisconsin court refused to entertain the suit, holding it to be a matter of comity; but this court, denying that view, reversed on the ground that thereby the laws of Minnesota and the judicial proceedings of that state had not been accorded the faith and credit to which they were entitled under the Federal Constitution.

In the case just dealt with, and in other cases where the receivership property has been assigned to the receiver by

its owner, the suit is brought not strictly in his capacity as receiver, by virtue of his appointment in another state, but in his capacity as assignee. High, Receivers, 4th ed., § 244. His designation as receiver, etc., in the title of the cause may be regarded as *descriptio personae* merely.

Coming immediately to the present case, the authorities, federal and state, are in practical accord to the effect that where the receiver appointed in one state has taken possession of property which thereafter is found and seized upon process in another state, the receiver may maintain an action in the latter state to recover possession or for other appropriate relief. *The Willamette Valley,* 66 Fed. 565, 567; *Hopkins* v. *Lancaster,* 254 Fed. 190, 191–192; *Wilkinson* v. *Culver,* 25 Fed. 639; *Jenkins* v. *Purcell,* 29 App.D.C. 209, 215; *Lyon* v. *Russell,* 41 App.D.C. 554, 559; *Pond* v. *Cooke,* 45 Conn. 126, 132; *Robertson* v. *Staed,* 135 Mo. 135, 137; 36 S.W. 610; *Woodhull* v. *Trust Co.,* 11 N.D. 157, 163–164; 90 N.W. 795; *Cagill* v. *Wooldridge,* 67 Tenn. (8 Baxt.) 580, 582–583. Other cases might be cited to the same effect. The only decision which we have found definitely to the contrary is *Humphreys* v. *Hopkins,* 81 Cal. 551; 22 Pac. 892, but in which there is a convincing dissenting opinion in harmony with the general current of authority.

In some of the cases cited the courts seem to have put their determination in favor of the receiver upon the ground of comity. With this view, however, we do not agree. It is a matter of right, as this court has said. *Converse* v. *Hamilton, supra.* The true rule is stated in *Robertson* v. *Staed, supra,* by the supreme court of Missouri, where it was held that where the receiver has taken possession of property in pursuance of his appointment, a special property is thereby vested in him which enables him to maintain a suit for the recovery of the property in a foreign jurisdiction; and that the principle upon which that may be done is " one of law and not of comity."

2. The other ground upon which respondent asked a dismissal of the action by the trial court is that an action of replevin " will not lie in a United States court against a sheriff to take property from the possession of a state court." Respondent, in support of that contention, relies on *Freeman* v. *Howe*, 24 How. 450, and later cases decided by this court following that decision. It was held in the *Freeman* case that replevin would not lie in a state court against a United States marshal who held property seized by him under process issued by a federal court,— this, for the reason, as stated in *Covell* v. *Heyman*, 111 U.S. 176, 179, that such property is in the custody of the law and within the exclusive jurisdiction of the court, from which the process has issued, for the purposes of the writ; that to disturb this possession by process from a state court would be to invade the jurisdiction of the federal court by whose command it is held.

We do not stop to consider whether this rule is applicable to the present case, where the property is in the hands of a sheriff under process issued by a state court, and the action to recover possession, normally within the exclusive jurisdiction of the state courts is brought in a federal court on the sole ground of diversity of citizenship.* We find it unnecessary to do so for the reasons now to be stated.

The effect of the Idaho so-called claim and delivery statute is to abolish the common law action of replevin and substitute therefor the statutory action. Under the statute the action will lie whether immediate possession be demanded or not. If immediate delivery be claimed, an affidavit must be filed setting forth certain facts, and a written undertaking in a prescribed form be given. Here petitioner filed no affidavit or undertaking, nor did he seek

---

* Compare *Wise* v. *Jefferis*, 51 Fed. 641; *Gilman* v. *Perkins*, 7 Fed. 887; *Wood* v. *Weimar*, 104 U.S. 786.

the immediate possession of the property. If, upon the trial, he proves his case, the form of judgment prescribed by the statute is for the possession of the property or the value thereof *in case a delivery cannot be had*. *Bates* v. *Capital State Bank,* 21 Ida. 141, 149; 121 Pac. 561.

Respondent's position is based upon the view that since a state court cannot interfere with property held by a United States marshal under process issued by a federal court, by parity of reasoning a federal court cannot interfere with property held by a sheriff under process issued by a state court. Petitioner—making no attempt to distinguish the one case from the other—in terms neither concedes nor denies this view. He replies simply that under the Idaho statute no conflict between the courts is involved, for, since the sheriff's possession has not been and need not be disturbed, there is no question of conflict of possession before the court. He rests his case, in this respect, upon the provision of the statute allowing judgment for the value of the property where delivery cannot be had. In this aspect, we put aside the question of interference with the jurisdiction of the state court as not being really involved. If, upon a new trial, petitioner and respondent unite in the view that a delivery cannot be had, we perceive no reason why the trial court may not proceed with the case upon that theory and dispose of it as one to recover the value of the property and damages; and we hold accordingly. Should a different situation be presented, it can be appropriately dealt with when it arises. That under the Idaho statute the court may thus dispose of the case when for any reason a delivery cannot be had, is a proposition which finds abundant support in the decisions. *Boley* v. *Griswold,* 20 Wall. 486; *Erreca* v. *Meyer,* 142 Cal. 308, 310; 75 Pac. 826; *Claudius* v. *Aguirre,* 89 Cal. 501, 504, *et seq.;* 26 Pac. 1077; *De Thomas* v. *Witherby,* 61 Cal. 92, 97; *Donovan* v.

*Aetna Indemnity Co.*, 10 Cal. App. 723, 727–729; 103 Pac. 365.

In *Porter* v. *Davidson*, 62 Fed. 626, 629, a similar conclusion was reached under a North Carolina statute. That court, after stating the rule laid down in *Freeman* v. *Howe, supra, Covell* v. *Heyman, supra,* and other cases, held that these decisions went only to the possession of the *res,* and that the remedy might be pursued against the sheriff for damages in any court. " The proceedings of the plaintiff in this çase by which he took from the possession of the sheriff the chattels levied on was ancillary, not in any way affecting the merits of the original case. That can go on without conflicting with any of the cases quoted above."

The court of appeals did not consider the question whether petitioner had made out a case of actual possession in Oregon. Nor can we say from the very general words of the judge in granting respondent's motion and in discharging the jury that this precise question of fact was passed upon by the trial court. We, therefore, do not consider it, but leave it to be disposed of in the further proceedings which must be had in the district court.

Judgments reversed and cause remanded to the district court for further proceedings in conformity with this opinion. *Reversed.*