## THOMPSON v. OIL REFINERIES, Inc., et al.

### No. 2805.

District Court, W. D. Louisiana, Shreveport Division.

Oct. 20, 1937.

Jos. W. Bailey, Jr., and Lyle Saxon, both of Dallas, Tex., and Lewell C. Butler, of Shreveport, La., for plaintiff.

Hussey & Smith and Lee & Lee, all of Shreveport, La., and McGown & McGown and H. L. Logan, Jr., all of Ft. Worth, Tex., for defendants.

DAWKINS, District Judge.

Plaintiff, as receiver for the Big Indian Syndicates, under appointment of one of the chancery courts of the State of Texas, brought this suit, originally in equity, against the defendants, charging the taking through an unlawful conspiracy with one of his agents, after his appointment, of large quantities of crude oil from leases in his possession. The case was transferred to the law docket on motion of defendants, after hearing and consideration by the court.

Defendants have excepted that the petition discloses no right or cause of action and this is the matter now to be considered.

The contention is made that the plaintiff, being merely a chancery as distinguished from a statutory or other kind of receiver vested with title to the property

of the estate, has no standing to sue in a jurisdiction outside the state of his appointment. Defendants rely mainly upon the cases cited in footnote to 23 R.C.L. p. 141, §§ 150 and 151, beginning with Booth v. Clark, 17 How. 322, 15 L.Ed. 164. However, an analysis of most of those cases will show that they were actions accruing to and belonging to the corporation or trust, as such, as distinguished from one arising in favor of the receiver as a result of or during his administration and possession of the property of his trust. In the recent case of Oakes v. Lake, 290 U.S. 59, 54 S.Ct. 13, 78 L.Ed. 168, the Supreme Court of the United States had occasion to review the jurisprudence of the country on the subject. That was a case in which it appeared to be conceded that a state court chancery receiver had taken possession of a herd of cattle in Oregon which were later found and seized in the State of Idaho, and an action brought by him in the federal court against the sheriff for their recovery. In disposing of the right of the receiver to sue, the court said:

"Coming immediately to the present case, the authorities, federal and state, are in practical accord to the effect that where the receiver appointed in one state has taken possession of property which thereafter is found and seized upon process in another state, the receiver may maintain an action in the latter state to recover possession or for other appropriate relief. The Willamette Valley (C.C.A.) 66 F. 565, 567; Hopkins v. Lancaster (D.C.) 254 F. 190, 191, 192; Wilkinson v. Culver (C.C.) 25 F. 639; Jenkins v. Purcell, 29 App.D.C. 209, 215, 9 L.R.A.(N.S.) 1074; Lyon v. Russell, 41 App.D.C. 554, 559; Pond v. Cooke, 45 Conn. 126, 132, 29 Am.Rep. 668; Robertson v. Staed, 135 Mo. 135, 137, 36 S.W. 610, 33 L.R.A. 203, 58 Am.St. Rep. 569; Woodhull v. Trust Co., 11 N.D. 157, 163, 164, 90 N.W. 795, 95 Am.St.Rep. 712; Cagill v. Wooldridge, 67 Tenn. (8 Baxt.) 580, 582, 583, 35 Am.Rep. 716. Other cases might be cited to the same effect. The only decision which we have found definitely to the contrary is Humphreys v. Hopkins, 81 Cal. 551, 22 P. 892, 6 L.R.A. 792, 15 Am.St.Rep. 76, but in which there is a convincing dissenting opinion in harmony with the general current of authority.

"In some of the cases cited the courts seem to have put their determination in favor of the receiver upon the ground of comity. With this view, however, we do not agree. It is a matter of right, as this court has said. Converse v. Hamilton, supra [224 U.S. 243, 32 S.Ct. 415, 56 L. Ed. 749, Ann.Cas.1913D, 1292]. The true rule is stated in Robertson v. Staed, supra, by the Supreme Court of Missouri, where it was held that where the receiver has taken possession of property in pursuance of his appointment, a special property is thereby vested in him which enables him to maintain a suit for the recovery of the property in a foreign jurisdiction; and that the principle upon which that may be done is 'one of law and not of comity.'"

Can it be said within reason or logic that if the wrongdoer, that is, one who has unlawfully taken the property from the receiver, has not disposed of it, the latter may have a standing or cause of action to recover the thing itself, but, if it has been sold or converted, the receiver cannot sue for its value? The underlying reason, as I see it, for holding that he has a standing to sue in the first instance, is that he is accountable, if necessary on his bond, for property which has been intrusted to his possession as receiver, to the beneficiaries or owners, and therefore has a personal interest in recovering it or its value to discharge this liability. See C.J. vol. 53, p. 327, verbo "Receivers," § 540, and authorities in footnotes; also Id. p. 321 et seq., § 535. Therefore, the same reason or principle sustaining the right to sue exists in the one case as in the other, and my conclusion is that the exception should be overruled.

Proper decree should be presented.