This is an action in the nature of a creditors' suit or equitable garnishment.
On November 20, 1912, Aaron R. Levering, who was a resident of Marion County, died. On November 22, 1912, his will was duly admitted to probate by the probate court of said county. By the fifth clause of his will Levering bequeathed fifty thousand dollars to defendants Holme and Hodgdon as trustees, directing them to pay the net income from such sum to the defendant Aaron Levering Smith for and during his life, and at his death to divide the corpus of the trust among his children then living. Defendants Holme and Hodgdon qualified as trustees, and have since that time been administering the trust. At the time of the trial of this cause there was in the hands of the trustees $1,892.29 accrued income of the trust subject to payment to Aaron Levering Smith.
Over ten years ago Aaron Levering Smith left this state and has not since returned to this state. During the first part of that period he resided in Jersey County, Illinois, and during the period of his residence there gave to the Grafton State Bank his promissory note, which upon the failure of said bank was returned over to its duly appointed receiver, William L. O'Connell, plaintiff herein.
On December 18, 1934, plaintiff as such receiver brought suit against Smith and obtained judgment on said note in the Circuit Court of Jersey County, Illinois, for $3, 492.50. That suit was filed not by the bank as such but by plaintiff as receiver, and the judgment ran in his name. The note on which the judgment was obtained was in the form commonly used in the state of Illinois, usually dominated a "judgment note" or "note with warrant of attorney," containing a provision appointing any attorney in the state of Illinois as the agent and attorney for the maker and authorizing such attorney to enter into any court of record in the state of Illinois and enter in such court the appearance of the maker of the note and confess judgment on the note in favor of the payee or holder thereof, and such provision was followed in obtaining the judgment. Execution was issued on the judgment and returned nulla bona.
Just when Aaron Levering Smith left the state of Illinois is not known. Defendant Hodgdon testified that in the year 1935 he was located at Excondido in the Republic of Mexico, that he had not been a resident of this state for ten years, and that neither he nor Holme had been in touch with him or known his whereabouts since 1935.
In 1933, A. W. Brand brought suit against Aaron Levering Smith on a note in the circuit court of Jersey County, Illinois, for $2,422, and on March 20th of that year obtained judgment in said suit In that suit Smith was personally served with process and the judgment was obtained by default.
In the present action plaintiff pleads the judgment obtained by him as receiver in, the circuit court of Jersey County, Illinois, and prays that the interest and income from the moneys in *Page 732 
the hands of defendants as trustees be sequestered and applied to the payment of said judgment. Intervener, A. W. Brand, pleads the judgment obtained by him in the circuit court of Jersey County, Illinois, and prays that the interest and income from the moneys in the hands of defendant trustees be sequestered and applied to the payment of said judgment.
The present action was commented on August 24, 1935. At the January term, 1936, A. W. Brand by leave of court intervened, and service was had upon Aaron Levering Smith by publication. He made no appearance.
The cause was tried at the September term, 1937, and was decided at the January term, 1938. The court held that plaintiff and intervener were entitled to have the net income from the trust estate applied pro rata to their judgments, and gave judgment accordingly. Defendant trustees appeal.
[1] Appellants urge that in this state judgment notes or warrants of attorney contained in notes are regarded as iniquitous, and that judgments obtained in this state based on such notes are held to be utterly void, and that since plaintiff put in evidence no decisions of the courts of Illinois holding such judgments valid in that state plaintiff's judgment obtained in that state must be held to be void in accordance with the decisions in this state. Appellants have apparently overlooked our statute, section 806 R.S.1929, Mo.St.Ann. § 806, p. 1057, which provides that whenever the law of another state is pleaded the courts of this state shall take judicial notice thereof. Plaintiff expressly pleaded the decisions of the courts of Illinois in Fortune v. Bartolomei, 164 III. 51, 45 N. E. 274; Packer v. Roberts, 140 111. 9, 29 N.E. 668; and Whitton v. Whitton, 64 Ill.App. 53, which hold valid judgments entered upon judgment notes or warrants of attorney contained in notes.
[2] Inasmuch as such judgments are valid in Illinois they must be given full faith and credit in this state. First National Bank v. White,220 Mo. 717, 120 S. W. 36, 132 Am.St.Rep. 612, 16 Ann.Cas. 889; Crim v. Crim, 162 Mo. 544, 63 S.W. 489, 54 L.R.A. 502, 85 Am.St.Rep. .521; Headlee v. Cain, Mo.App., 250 S.W. 611; Jarrett v. Sippely,175 Mo.App. 197, 157 S.W. 975.
Appellants contend that "the record of this case discloses that the entry of appearance and cognovit did not warrant the Illinois judgment rendered O'Connell, receiver, plaintiff herein." Appellants have not seen fit to point out in what respect they regard the appearance and cognovit insufficient to warrant the judgment rendered, but they cite, without comment, Bonnett-Brown Sales Service v. Utt, 323 Mo. 589, 19
S.W_2d 888. We have examined the opinion in that case and have been unable to discover in it any support for appellants' contention.
[3,4] Appellants further contend that there was no proof that the circuit court of Jersey County, Illinois, which rendered the judgments in suit here, had jurisdiction of the parties and subject-matter, in that there was no proof of the law in that state showing that the court had jurisdiction. Appellants have obviously over-looked the well settled rule that where, as here, the transcript of the judgment is duly authenticated according to the Act of Congress, governing such matters, and also shows that the court in which the cause was tried is a court of record, and has a judge presiding, and a clerk attending upon the same, as well as a seal of court, there is a presumption that such court is a court of general jurisdiction, and that it has jurisdiction of the subject-matter of the action pending therein and of the parties thereto, and in the absence of proof to the contrary such presumption is conclusive. Western Assurance Co. v. Walden, 238 Mo. 49, 141 S.W. 595; Toler v. Coover, 335 Mo. 113,71 S.W.2d 1067; Lewis v. Wm. A. Stickney Cigar Co., Mo.App., 209 S. W. 133; Specklemeyer v. Dailey, 23 Neb. 101, 36 N.W. 356, 8 Am.St.Rep. 119.
[5,6] Appellants invoke the general rule that before a creditor may resort to equity to obtain satisfaction of his claim he must reduce his claim to judgment. That is a familiar rule, but it has no application where, as here, the debtor is a nonresident Pendleton v. Perkins,49 Mo. 565; Heaton v. Dickson, 153 Mo.App. 312, 133 S.W. 159; Lackland v. Smith, 5 Mo-App. 153, 579; De Field v. Harding Dredge Co.,180 Mo.App. 563, 167 S.W. 593; Curlee Clothing Co. v. Boxer, Mo. App.,51 S.W.2d 894.
[7-9] Appellants urge the further point that there is no showing that Aaron Levering Smith had no property in this state, subject to attachment, execution, or other legal process, out of which the debts in suit could be made, and that such showing is essential to the maintenance of this suit. There is a general rule that the return of an execution unsatisfied in whole or in part is necessary before a judgment creditor may resort to equity to obtain satisfaction of his judgment out of the assets of the debtor which cannot be reached *Page 733 
in proceedings at law. But this rule, of course, can have no application where the debtor is a nonresident, so that no personal judgment can be obtained against him. The return of an execution nulla bona establishes, prima facie at least, if not conclusively, that the creditor has exhausted his legal remedies. In case of the non-residence of the debtor, the creditor, .through no fault of his, is deprived of the evidence afforded by a nulla bona return on an execution, for in such case he cannot obtain a personal judgment upon which to issue an execution, so that he must of necessity resort to other evidence to show that he has exhausted his legal remedies.
[10] In the present case the evidence shows that the debtor, Aaron Levering Smith, had been a nonresident of this state for ten years prior to the trial. For a time he resided in Illinois, then for a time in the Republic of Mexico, and at the time of the trial his whereabouts were unknown and appellants had not been in touch with him for several years. On February 4, 1935, a writ of attachment was issued to the sheriff of Marion County in the case of A. W. Brand v. Aaron Levering Smith. On April 8, 1935, just a few months before the present suit was brought, the sheriff made return on said writ showing that he had summoned as garnishees, John T. Holme and Frank T. Hodgdon, appellants herein. The record shows there was realized on this attachment only $292.35 though the amount sued for was $2,422.92. That suit was based on the same Illinois judgment pleaded by A. W. Brand in the present case. We think the evidence sufficiently shows that the complaining creditors herein exhausted their legal remedies, so as to warrant a resort to equity for the satisfaction of their claims.
[11-13] Appellants challenge the authority of plaintiff as receiver of the Grafton State Bank to bring a suit in this state. They rely on the general rule that a receiver has power to act only within the jurisdiction of the court appointing him, but this rule does not apply where, as here, the receiver sues on a judgment obtained by him in his representative capacity, for in such case the title to the judgment is vested in him. Robertson v. Staed, 135 Mo. 135, loc. cit. 142, 36 S.W. 610,33 L.R.A. 203, 58 Am.St.Rep. 569; Interstate Trust Banking Co. v. Dierks Lumber Coal Co., 133 Mo-App. 35, loc. cit. 38, 113 S.W. 1; McBride v. Oriental Bank of New York, D.C, 200 F. 895; 53 C.J. 396; Wilkinson v. Culver, C. C, 25 F-639. Moreover, it appears that a foreign receiver is ordinarily permitted to sue as a matter of comity where there is no prejudice to domestic citizens, creditors, or contravention of the public policy of the forum Weil v. Bank of Burr Oak, 76 .Mo.App. 34; Wilkinson v. Harding Dredge Co., Mo.App., 186 S.W. 743; State ex rel. Minnesota Mutual Life Ins. Co. v. Denton, 229 Mo. 187, loc. cit. 200,129 S.W. 709, 138 Am.St.Rep. 417; Wright v. Phillips, 60 Cal.App. 578,213 P. 288: Iowa California Land Co. v. Hoag, 132 Cal. 627, 64 P. 1073; Stone v. Penn Yan, K. P. B. Railway, 197 N. Y. 279, 90 N. E. 843,134 Am.St.Rep. 879; Perfection Tire Rubber Co. v. George Tire Service Co., 5 Pa.Dist. Co. R. 744; Small v. Smith, 14 S.D. 621, 86 N.W. 649,86 Am.St.Rep. 808; Van Kempen v. Latham, 195 N.C. 389, 142 S.E. . 322; Flaacke v. Winona Mills Co., 104 Conn. 665, 134 A. 265; Shloss v. Metropolitan Surety Co., 149 Iowa 382, 128 N.W. 384.
[14] Assignments, made without discussion, or citation of authority, or suggestion of the ground, reason, principle, or theory, relied on in support thereof, are treated as abandoned.
The Commissioner recommends that the judgment of the Hannibal Court of Common Pleas be affirmed.
PER CURIAM.
The foregoing opinion of SUTTON, C, is adopted as the opinion of the court. The judgment of the Hannibal Court of Common Pleas is accordingly affirmed.
HOSTETTER, P. J., and BECKER and McCULLEN, JJ., concur.
 *Page 104