## SUPREME COURT.

Nelson· B. Killmer agt. G. A. Hobart and another, as receivers of the New Jersey Midland Railway Company.

*Jurisdiction — When receivers appointed in another state cannot be sued in courts of this state — Attachment.*

Receivers appointed in another state and operating a railway as such receivers, but having property in their hands as such receivers in this state, cannot be sued in the courts of this state and an attachment issued in such suit will be vacated.

*Special Term, April,* 1880.

This was a motion to vacate an attachment granted against the defendants in a suit brought against them as receivers appointed by the court of chancery of New Jersey, for the recovery of excessive freight alleged to have been charged by them as such receivers, for the transportation of milk to the city of New York.

*Charles B. Alexander,* for motion.

*Charles S. Meyer,* opposed.

Donohue, J. — The attachment should be vacated as asked. It is not trying the case on affidavits. The plaintiff fixed the character in which the defendants are sued and it is not open to question a judgment here would be against them as receivers and no lien on property in the hands of another jurisdiction. The attachment is of property as receivers and would take the very property now being administered by another court.

The persons sued are the custodians of the law of another state, and are simply the officers of another court and sued as such, and to reach what they hold in that way.

Motion granted, with costs.