## GILMAN *v.* PERKINS and others.

*(Circuit Court, N. D. Illinois.* July 16, 1881.)

1. FEDERAL COURT—COMITY OF, TOWARDS STATE COURT—WHEN TO BE TAKEN ADVANTAGE OF.

   To take advantage of the comity which, when certain facts exist, a federal court will exercise towards a state court with concurrent jurisdiction, the point must be reasonably urged. After a trial of the action on its merits it is too late.

2. SAME—SAME—SAME.

   An action of replevin was brought in a federal court, against the defendants therein, for the recovery of certain personal property. Among the pleas interposed was one reading substantially as follows: That the defendant Perkins levied upon the property as that of one Lee, by virtue of a writ of attachment issued out of the circuit court of Rock Island county, in the state of Illinois, in a suit wherein Lee was a defendant, and the Topeka National Bank, of Topeka, Kansas,

was plaintiff, directed to the sheriff of that county, *i. e.*, the defendant Perkins, to execute. .The jury found the issue joined upon this plea for the plaintiff. The defendants then moved to dismiss the same for want of jurisdiction after verdict and before judgment.

*Held,* that in this case the court could have taken jurisdiction of the parties, as the citizenship was such as to give it such jurisdiction of them, and it would only refrain from taking jurisdiction of the subject-matter by reason of comity towards another court of concurrent jurisdiction.

*Held, further,* that neither of the parties to assert the right of the state court to keep possession of the property disputed the jurisdiction of this court until after the trial on the merits. Then it was too late to raise the points.

*Ela & Parker,* for plaintiff.

*Connelly & McNeal, Ira O. Wilkinson,* and *Frank Baker,* for defendant.

BLODGETT, D. J. This is an action of replevin for the recovery of a valuable horse, alleged to have been unjustly taken and detained from the plaintiff by the defendants. Four pleas were interposed: *First, non cepit; second, non detinet; third,* property in Robert I. Lee and not in the said plaintiff; *fourth,* that the defendant Perkins was at the time when, etc., sheriff of Rock Island county, in the state ·of Illinois, duly qualified and acting as such; that on the fourth day of September, 1878, the Topeka National Bank, of Topeka, Kansas, sued out of the circuit court of said county of Rock Island its writ of attachment of that date against one Robert I. Lee for ·the sum of $3,285.76, with interest from the first day of December, 1876, and caused the same to be directed to the sheriff of said county to execute, in and by which writ the sheriff was commanded to attach so much of the estate, real and personal, of the said Robert I. Lee, to be found in his county, as should be sufficient to satisfy the indebtedness mentioned in the writ, and such estate so attached in his hands to secure, so as to provide that the same might be liable for the proceedings thereupon according to.law, which writ was made returnable on. the first Monday of January next after the date thereof; and that such writ came duly into the hands of defendant Perkins, as such sheriff, to execute, and was by him, on the day of the date

thereof, duly executed by levying upon and taking into his possession the horse in question; and that the defendant Perkins held the horse in question at the time when, etc., by virtue of the said attachment and levy.

It was further averred that the horse, at the time when the same was levied upon by virtue of the writ of attachment by defendant as aforesaid, was, and is, the property of the said Robert I. Lee, and not the property of the plaintiff; and that the said horse was properly subject to be levied upon and taken by virtue of the said writ of attachment as aforesaid. Issue was joined upon these pleas, and a trial had before a jury, in which the main question made upon the proof was as to the title of said Robert I. Lee to the horse,—the defendants contending that plaintiff's alleged title was fraudulent as against the creditors of Lee, and that the plaintiff could not, under the law and facts in the case, hold such horse as against the said Topeka National Bank, a creditor of Lee.

The jury, by their verdict, found the issues for the plaintiff, and defendants now move—*First*, to dismiss the cause for want of jurisdiction after verdict and before judgment; *second*, for a new trial.

The motion to dismiss for want of jurisdiction is based upon the ground that the property in question, at the time it was taken by the marshal of this court under its replevin writ, was in the custody of the sheriff of Rock Island county, under the writ of attachment issued out of the circuit court of that county against the property of Robert I. Lee, and that it was therefore in the custody of the law of said state court, and could not be taken from said court by the process of any other court of concurrent jurisdiction. In support of this position the defendant relies mainly upon the decision of the supreme court of the United States in *Freeman* v. *Howe*, 24 How. 450.

The only question in my mind is whether the defendants, after having tried this case upon its merits, shall now, after a verdict and practically on a motion for a new trial, be heard to allege want of jurisdiction in this court.

If, in the first instance, or at any time before a trial upon

the merits, the defendants had submitted to this court that the property in question was in the custody of the state court, and that the controversy over the ownership of it, which was initiated by the levy of the writ of attachment upon it as the property of Lee, could and should properly be remitted to that court for determination, this court, in the light of *Freeman* v. *Howe*, and other cases in the supreme court of the United States involving the same principle, would undoubtedly have dismissed the cause and returned the property to the officers of the state court.

The defendants might with propriety have said to this court: "This property is alleged to be the property of Robert I. Lee. It is seized as such; it is in the possession of the state court as such. The law of the state of Illinois (chapter 11, § 29, Rev. St. of Illinois) expressly provides that any third person claiming the property attached, as this property has been, can interplead and protect his own title; and therefore this court ought not to take from the state court the controversy of which it had properly acquired jurisdiction." But instead of doing this the defendants plead to the merits, and try the case upon the merits; challenge the validity of plaintiff's title, charge that plaintiff's title is fraudulent as against the attaching creditor of Lee, and only after their defeat by the jury upon that issue do they raise the question of jurisdiction.

In the case of *Freeman* v. *Howe* the marshal of the United States had levied a writ of attachment upon certain cars as the property of the railroad company, the defendant in the attachment. A mortgagee of the railroad company brought replevin in the state court, and the supreme court of the United States in that case held that the possession of the marshal could not be interfered with by the process of the state court.

This case is not strictly analogous in its facts to that. Here the attachment was by the officers of the state court, and the replevin was from the federal court. In *Freeman* v. *Howe* the controversy in regard to the title to this property could not have been removed from the federal into the state

court, but in this case it might have been removed from the state to the federal court. If the plaintiff in this replevin suit had interpleaded under the statute of Illinois in the original attachment suit, he undoubtedly could, under the act of 1875 in regard to the removal of cases from the state to the federal courts, have removed the controversy between himself and the sheriff, as to the sheriff's right to attach this property as the property of Lee, from the state into the federal court; and ought not this court to presume that the defendants acted in this case upon the assumption that the controversy was one which might, in some form, be properly taken from the state into the federal court, and therefore waived all question as to the manner in which it was so brought before the federal court, and tried it here upon its merits, in the first instance, on the ground that he knew he might ultimately be compelled to do so?

It will be noticed that the extreme doctrine of *Freeman* v. *Howe* is somewhat modified in its practical application by the subsequent case of *Buck* v. *Colbath*, 3 Wall. 334; and it is very clear, in the light of the two cases, that the supreme court does not now hold to the extreme doctrine that the controversy in regard to the ownership of this property, having originated in the state court, must necessarily, under all combination of fact, be held and determined there, and there alone.

In this case the court could have taken jurisdiction of the parties, as the citizenship was such as to give it such jurisdiction of them, and it would only refrain from taking jurisdiction of the subject-matter by reason of comity towards another court of concurrent jurisdiction. The parties to assert the right of the state court to keep possession of the property were either the officers representing that court or the attaching creditor who had selected that forum. But neither of those parties disputed the jurisdiction of this court, on the ground that it belonged for any reason to the state court, until after the trial on the merits, and then, I think, it was too late to raise the point. It seems to me that these defendants may be justly charged with having been willing

to experiment with this cour.; and, after having had a trial and being defeated, they are now disposed to fall back upon a point which they ought to have raised in the first instance.

The motion to dismiss for want of jurisdiction is therefore overruled.