The Chicago, Milwaukee and St. Paul Railway Company

*v.*

The Keokuk Northern Line Packet Company, *In re* Samuel C. Clubb, interpleader.

*Filed at Springfield Oct. 1, 1883—Rehearing denied January Term, 1884.*

1.   Receiver—*extent of his authority—right of foreign receiver to remove property out of this State.*   The powers of a receiver are coëxtensive only with the jurisdiction of the court appointing him, and a foreign receiver will not be permitted, as against the claims of creditors resident in this State, to remove from this State the assets of the debtor, it being the policy of every government to retain in its own hands the property of the debtor until all domestic claims against it have been satisfied.

2.   But where a receiver has once obtained rightful possession of personal property situate within the jurisdiction of his appointment, which he was appointed to take charge of, he will not be deprived of its possession though he takes it, in the performance of his duty, into a foreign jurisdiction.   While there it can not be taken from his possession by creditors of the insolvent debtor who reside within such jurisdiction.

3.   Same—*when he has a special property in the goods of the debtor, which he may protect.*   Where a receiver takes possession of a barge within the jurisdiction of the court appointing him, as the property of the insolvent debtor, he becomes invested with a special property in it, like that of a sheriff on a valid levy, and he may protect this special property while it continues, by action, in like manner as if he were the absolute owner.

4.   Same—*property in the thing not lost or abandoned by suffering it to be taken out of the State.*   Where a packet company, whose business it was to run boats on the Mississippi river, was adjudged insolvent by the

proper court, in St. Louis, in the State of Missouri, and a receiver appointed to manage the affairs of the corporation, and he took possession of a barge of the corporation in St. Louis, and chartered the same to a steamboat, under which it was taken up the river to Quincy, in this State, where it was detained by ice, and the captain in charge of the same gave it up to the receiver, who took possession and placed a guard over the same, and it was there attached by a creditor of the insolvent company, it was *held*, that there was no abandonment of the barge by the receiver, and that he had a right to interplead under the statute, and insist upon his right to the same.

APPEAL from the Appellate Court for the Third District; —heard in that court on appeal from the Circuit Court of Adams county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

This was an attachment suit, brought by the Chicago, Milwaukee and St. Paul Railway Company, against the Keokuk Northern Line Packet Company, in the circuit court of Adams county, in this State. The writ of attachment was, on the 21st day of April, 1881, levied upon the barge "G. W. Duncan," lying at Quincy, in said county, as the property of the defendant. Samuel C. Clubb, under the provision of section 29 of our Attachment act, "that any person other than the defendant claiming the property attached may interplead," etc., interpleaded in the case, claiming the property so attached, under an appointment as receiver of the property and effects of said packet company, by the circuit court of St. Louis, in the State of Missouri, in a certain cause in said court wherein said packet company was defendant. There was judgment in favor of the interpleader, Clubb, which, on appeal, was affirmed by the Appellate Court for the Third District, and the railway company appealed to this court.

The plaintiff in the attachment suit had first filed a replication to the pleas of the interpleader, traversing the same, but afterward, on its motion granted by the court, it withdrew the replication, as having been filed by mistake, and then moved the court to file its plea in abatement, which had been intended to be filed instead of the replication, denying

the right to interplead as receiver under the appointment of a foreign court, which motion the court overruled, whereupon said plaintiff company filed the plea in abatement, which plea the court, on motion of said Clubb, ordered to be stricken from the files. The plaintiff company then refiled its said replication, upon which issue was joined and the trial had. The interpleader's first plea alleges the barge was his own property at the time of the attachment of it; the second, that it was his property as receiver; the third, that at such time it was in his possession as receiver.

The facts of the case shown by the evidence are, that at the October term, 1880, of the circuit court of the city of St. Louis, in the State of Missouri, Samuel C. Clubb was duly appointed receiver of the Keokuk Northern Line Packet Company, an insolvent corporation of that State, with power and authority to take possession of all the business and property of the corporation, and to manage the affairs thereof, under the orders of the court, the receiver giving bond in the sum of $200,000 for the faithful discharge of his duties. At the time of such appointment the barge "G. W. Duncan," in question, was lying at the landing at St. Louis, within the State of Missouri, and within the jurisdiction of said court. The receiver immediately took possession of the barge, and afterward, on the 6th day of November, 1880, he chartered the barge to the steamer "E. W. Cole," for a trip up the Mississippi river and return. The barge was taken, under the charter, up the river as far as Quincy, Illinois, where it was detained by the ice, and remained until the levy of the writ of attachment in this case upon it on the 21st day of April, 1881. At the request of the captain of the steamer "E. W. Cole," the receiver released him from the charter, and took possession of the barge at Quincy, and ever since, until the levy of the attachment, retained such possession, having a watchman over and guarding the barge against danger. The receiver made an effort to have the barge removed to

St. Louis as soon as the river was clear of ice, having made a contract with a steamboat line for the purpose, but did not succeed in having the removal made before the attachment. The court which appointed the receiver, at its April term, 1881, made an order authorizing the receiver to intervene in the attachment suit, and take the necessary steps to secure possession of the barge.

Mr. George W. Fogg, for the appellant:

No one can interplead except he is the owner of the property attached. Sec. 29, Attachment act; *City Ins. Co.* v. *Commercial Bank*, 68 Ill. 349.

A receiver by his appointment does not become the legal owner of the property of the debtor. *Yeager* v. *Wallace*, 44 Pa. St. 294; *Coates* v. *Cunningham*, 80 Ill. 468; *Olney* v. *Tanner*, 10 Fed. Rep. 104; *Boyle* v. *Townes*, 9 Leigh, 158.

The appointment of a receiver does not change the title, nor create any lien upon the property. *Ellis* v. *Boston H. and E. R. R. Co.* 107 Mass. 1; *Chase's case*, 1 Bland's Ch. 206.

His right is only a right to the possession. It is neither a *jus in re* nor a *jus ad rem*. Story's Eq. sec. 352; *State* v. *Railroad Comrs.* 12 Vroom, 249.

No title is vested in a receiver. Edwards on Receivers, 4; Kerr on Receivers, 132; *Beverly* v. *Brooke*, 4 Gratt. 187; *Singerly* v. *Fox*, 75 Pa. St. 114.

Receivers are not possessed as owners. Their possession is that of the court. High on Receivers, secs. 1, 2; *Richards* v. *People*, 81 Ill. 524; *Tremper* v. *Brooks*, 40 Mich. 325; *Andrews* v. *Smith*, 5 Fed. Rep. 837.

The receiver had abandoned the property on April 21, 1881. Cases where lien of attachment, etc., lost by not continuing in possession in the State: Drake on Attachment, sec. 431; *Corrington* v. *Smith*, 8 Pick. 419; *Sanderson* v. *Edwards*, 16 id. 144; *Dick* v. *Bailey*, 2 La. Ann. 974; *Conn* v. *Caldwell*, 1 Gilm. 531.

A receiver can not sue in his own name. 2 Daniell's Chancery Prac. 1977; High on Receivers, 210; *Freeman* v. *Winchester*, 10 S. & M. 577; *Pitt* v. *Snowdon*, 3 Atk. 750; *Wilson* v. *Allen*, 6 Barb. 542.

Comity will not require rights of foreign citizens to be preferred to domestic creditors. *Zipcey* v. *Thompson*, 1 Gray, 245; *Papue* v. *Lester*, 44 Conn. 196; Rorer on Inter-State Law, 39; 2 Kent, 402; *Green* v. *Van Buskirk*, 5 Wall. 307; Bishop on Assignments, sec. 261; Burrill on Assignments, sec. 306.

In the courts of this State a foreign receiver has no standing as a suitor or interpleader, as owner for the property of the insolvent debtor found here. *Hunt* v. *C. F. Ins. Co.* 55 Maine, 297; *Hurd* v. *City of Elizabeth*, 41 N. J. 1; *Taylor* v. *C. Ins. Co.* 14 Allen, 345; 17 How. 322; 11 Fed. Rep. 534; 52 Mo. 19.

Messrs. Sweeney, Jackson & Walker, for the appellee:

Any one may interplead who can maintain trespass, replevin or trover. A sheriff has such a special property in personal property levied on by him as to give him the right to maintain those actions. *Martin* v. *Watson*, 8 Wis. 315; *Boyle* v. *Townes*, 9 Leigh, 158; *Cannon* v. *Kinny*, 3 Scam. 10; *Warner* v. *Mathews*, 18 Ill. 83; *Craig* v. *Peake*, 22 id. 185; *Searles* v. *Crombie*, 28 id. 396; *Broadwell* v. *Paradice*, 81 id. 474; *Meadowcroft* v. *Agnew*, 89 id. 472; *Laclede Bank* v. *Keeler*, 103 id. 425; *Brownell* v. *Manchester*, 1 Pick. 233.

The Appellate Court has found there was no abandonment, which is conclusive. Yet the facts show there was no abandonment. Drake on Attachments, secs. 258, 423, 427, 428, 432; *Sanderson* v. *Edwards*, 16 Pick. 144; *Hemminway* v. *Wheeler*, 14 id. 408; *Butterfield* v. *Clemence*, 10 Cush. 269.

It has long been recognized as the law, that where a legal title to personal property has once passed and become vested in accordance with the *lex rei sitæ*, its validity will be recog-

nized everywhere. Wharton on Conflict of Laws, sec. 307; *Wales* v. *Alden,* 22 Pick. 245; *Clark* v. *Connecticut Peat Co.* 35. Conn. 303; *Bank of the United States* v. *Lee et al.* 13 Pet. 120; *Taylor* v. *Boardman,* 25 Vt. 581; *Boyle* v. *Townes,* 9 Leigh, 158; *Singerly* v. *Fox,* 75 Pa. 114; *Bagby* v. *A. R. R. Co.* 86 id. 291; *Wilson* v. *Allen,* 6 Barb. 545; *Runk* v. *St. John,* 29 id. 585; *Hurd* v. *City of Elizabeth,* 41 N. J. L. 1.

Property once vested in a receiver or assignee will not be disturbed in another State while it is retained by him in possession. Wharton on Conflict of Laws, sec. 353, 353 a; *Pond* v. *Cooke,* 45 Conn. 126; *Crapo* v. *Kelly,* 16 Wall. 610; *Wales* v. *Alden,* 22 Pick. 245; *Taylor* v. *Boardman,* 25 Vt. 581; *Cagill* v. *Wooldridge,* 6 Baxter, (Tenn.) 580; *McAlpin, Receiver,* v. *Jones et al.* 10 La. Ann. 552; *Paradice* v. *Farmers' Bank,* 5 id. 711.

In the case of insolvent railroad corporations it is the duty of the receiver to use the cars in the customary course of business, even though he should temporarily remove them from the State. *Kilmer* v. *Hobart,* 58 How. Pr. 452; *M. C. R. R. Co.* v. *C. and M. L. S. R. R. Co.* 1 Bradw. 399; *Ellis* v. *Boston R. R. Co.* 107 Mass. 1; *Barton* v. *Barbour,* 3 McArthur, (U. S.) 212; *Crapo* v. *Kelly,* 16 Wall. 610.

Mr. Chief Justice Sheldon delivered the opinion of the Court:

We will consider the case as properly presenting by the pleadings the question of the right to interplead in the suit in the capacity of receiver.

The general doctrine that the powers of a receiver are coëxtensive only with the jurisdiction of the court making the appointment, and particularly that a foreign receiver should not be permitted, as against the claims of creditors resident in another State, to remove from such State the assets of the debtor, it being the policy of every government to retain in its own hands the property of a debtor until

all domestic claims against it have been satisfied, we fully concede; and were this the case of property situate in this State, never having been within the jurisdiction of the court that appointed the receiver, and never having been in the possession of the receiver, it would be covered by the above principles, which would be decisive against the claim of the appellee. But the facts that the property at the time of the appointment of the receiver was within the jurisdiction of the court making the appointment, and was there taken into the actual possession of the receiver, and continued in his possession until it was attached, take the case, as we conceive, out of the range of the foregoing principles. We are of opinion that by the receiver's taking possession of the barge in question within the jurisdiction of the court that appointed him, he became vested with a special property in the barge, like that which a sheriff acquires by the seizure of goods in execution, and that he was entitled to protect this special property while it continued, by action, in like manner as if he had been the absolute owner. Having taken the property in his possession, he was responsible for it to the court that appointed him, and had given a bond in a large sum to cover his responsibility as receiver, and to meet such liability he might maintain any appropriate proceeding to regain possession of the barge which had been taken from him. (*Boyle* v. *Townes*, 9 Leigh, 158; *Singerly* v. *Fox*, 75 Pa. 114.) It is well settled that a sheriff does, by the seizure of goods in execution, acquire a special property in them, and that he may maintain trespass, trover or replevin for them.

It is claimed that there was here an abandonment of the barge by leasing it and suffering it to be taken out of the State,—that the purpose in so doing was an unlawful one, and a gross violation of official duty. We do not so view it. The receiver was, by his appointment, authorized to manage the affairs of the corporation under the orders of the court. The business of the corporation was running boats on the

Mississippi river, and chartering the barge for a trip up that river was but continuing the employ of the barge in the business of the corporation, and therefrom making an increase of the assets to be distributed among the creditors. *Brownell* v. *Manchester,* 1 Pick. 233, decides that a sheriff in the State of Massachusetts, who had attached property in that State, did not lose his special property by removing the attached property into the State of Rhode Island for a lawful purpose. *Dick* v. *Bailey et al.* 2 La. Ann. 974, holds otherwise in respect to property attached in Mississippi, and sent by the sheriff into Louisiana for an illegal purpose. It is laid down in Drake on Attachment, (5th ed.) sec. 292, that the mere fact of removal by an officer of attached property beyond his bailiwick into a foreign jurisdiction, without regard to the circumstances attending it, will not dissolve the attachment; that if the purpose was lawful, and the possession continued, the attachment would not be dissolved; but if the purpose was unlawful, though the officer's possession remained, or if lawful and he lost his possession, his special property in the goods would be divested,—citing the two cases above named. We do not consider that there was any unlawful purpose here in the chartering and employing of the barge, as was done.

It is insisted the possession of the barge was lost. There was certainly evidence tending to show possession by the receiver up to the time of the attachment, and in support of the judgment of the Appellate Court we must presume that it found the existence of all the facts necessary to sustain the judgment, where there was evidence tending to show their existence, and that court's finding of fact is conclusive upon us. By taking the barge into his possession within the jurisdiction of the court that appointed him, a special property in the barge became vested in the receiver, and it is the established rule that where a legal title to personal property has once passed and become vested in accordance with the law of the State where it is situated, the validity of such title

will be recognized everywhere. *Caniwell* v. *Sewell*, 5 Hurl. & N. 728; *Clark* v. *Connecticut Peat Co.* 35 Conn. 303; *Taylor* v. *Boardman*, 25 Vt. 581; *Crapo* v. *Kelly*, 16 Wall. 610; *Waters* v. *Barton*, 1 Cold. (Tenn.) 450.

Under this rule we hold that where a receiver has once obtained rightful possession of personal property situated within the jurisdiction of his appointment, which he was appointed to take charge of, he will not be deprived of its possession, though he take it, in the performance of his duty, into a foreign jurisdiction; that while there it can not be taken from his possession by creditors of the insolvent debtor who reside within that jurisdiction. Where a receiver of an insolvent manufacturing corporation, appointed by a court in New Jersey, took possession of its assets, and for the purpose of completing a bridge which it had contracted to build in Connecticut, purchased iron with the funds of the estate and sent it to that State, it was decided that the iron was not open to attachment in Connecticut by a creditor residing there. (*Pond* v. *Cooke*, 45 Conn. 126.) And where C. was appointed, by a court in Arkansas, receiver of property of T., a defendant in a suit, and ordered to ship it to Memphis for sale, and to hold the proceeds subject to the order of the court, and did so ship it to Memphis, where it was attached by creditors of T., it was held that C. could maintain an action of replevin for the property in Tennessee. (*Cagill* v. *Wooldridge*, 8 Baxter, 580.) *Kilmer* v. *Hobart*, 58 How. Pr. 452, decides that receivers appointed in another State, and operating a railway as such, but having property in their hands as receivers in New York, can not there be sued,—that an attachment issued in such suit will be vacated.

This is not the case of the officer of a foreign court seeking, as against the claims of creditors resident here, to remove from this State assets of the debtor situate here at the time of the officer's appointment, and ever since, and of which he had had no previous possession. It is to such a case as that,

as we understand, that the authorities cited by appellant's counsel apply, and not to a case like the present, where the property was, at the time of the appointment of the foreign receiver, within the jurisdiction of the appointing court, and there taken into the receiver's possession, and subsequently suffered by him to be brought into this State in the performance of his duty, and his possession here wrongfully invaded, and he seeking but redress for such invasion.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*