(90 N. W. Rep. 483.)

---

Maxwell V. Woodhull *vs.* Farmers' Trust Company, *et al.*

---

**Attachment—Property in Hands of Receiver.**

In this action both defendants are non-residents of this state, and service was made by publication. The action is brought to recover damages for alleged breach of a contract made between the defendant trust company and the plaintiff. Long prior to the commencement of this action the defendant George H. Hollister was, by an order made by a competent court of the state of Iowa, appointed receiver of the estate of said trust company; and, after qualifying as such, Hollister took possession of the effects of said trust company, among which were seven interest coupon notes, of the face value of $70 each. Said receiver, after taking possession of the notes in the state of Iowa, brought the same within this state for a lawful purpose, and while the notes ·were in this state the same were seized by the sheriff under a warrant of attachment issued in this action. Upon motion made in behalf of the defendants, appearing specially, the district court, by its order, vacated the attachment and set aside the service of the summons. *Held,* that the order of the district court was properly made.

**Comity Between States.**

It is a rule resting upon comity between the states that where a receiver, as such, has obtained rightful possession of personal property within the jurisdiction of his appointment, he will not be deprived of its possession when he takes the property, in the per-

formance of his duty, into a foreign state. When in a foreign jurisdiction the property cannot be taken by attachment from the receiver's possession by creditors of the insolvent debtor.

### Attachment Before Receiver Takes Possession.

An opposite rule would prevail where a seizure of the property is made by a creditor prior to the appointment of the receiver, or prior to his taking possession within the state of his appointment.

Appeal from District Court, Cass County; *Pollock, J.*

Action by Maxwell V. Woodhull against the Farmers' Trust Company of Sioux City, Iowa, and George H. Hollister, its receiver. Judgment for defendants, and plaintiff appeals. Affirmed.

*John E. Greene,* for appellant, cited no cases.

*Ball, Watson & Maclay,* for respondent.

If the Farmers' Trust Co. was not the owner of the notes and mortgages in suit they were not subject to attachment, and if an attachment was vacated, whether regularly or irregularly, the appellant could not be injured thereby; if, on the other hand, the property did belong to the Farmers' Trust Co. it was not subject to attachment in the hands of the receivers of that company. Smith on Receiverships, 109, 110; Reno on Nonresidents, 160-163; *Railway* v. *Keokuk Packet Co.,* 108 Ill. 317; *Crapo* v. *Kelly,* 16 Wall, 610; *Torrans* v. *Hammond,* 10 Fed. Rep. 900; *Temple* v. *Glasgow,* 80 Fed. Rep. 441. The appellant is not a resident of this state and the court will not lend him its assistance to enable him to gain a preference in disregard of the receivership proceedings. *Long* v. *Girdwood,* 24 Atl. Rep. 711; *Frank* v. *Bobbitt,* 29 N. E. Rep. 209; *Burlock* v. *Taylor,* 16 Pick. 335; *Gillman* v. *Ketcham,* 54 N. W. Rep. 395; *Bentley* v. *Whittemore,* 19 N. J. Eq. 462; *May* v. *Bank,* 13 N. E. Rep. 806; *Chaffee* v. *Bank,* 71 Me. 514; *Barnett* v. *Kinney,* 147 U. S. 476. An appeal from the order of the district court vacating or refusing to vacate an attachment, the appellate court will not reverse the order appealed from unless there is a clear and convincing preponderance of evidence against the decision of the lower court. *Rice* v. *Jerenson,* 11 N. W. Rep. 549; *Bank* v. *Randall,* 37 N. W. Rep. 799; *Brown* v. *Lumber Co.,* 25 Minn. 461.

WALLIN, C. J. This action was brought to recover damages for an alleged breach of contract, and the summons was served by publication. It is conceded that both of the defendants in the action are nonresidents, and that they reside in the state of Iowa. An affidavit for attachment, stating that the defendants are nonresidents of this state, and that "the defendants have property within this state subject to attachment," was filed with the clerk of the district court, together with the complaint in the action. Upon the filing of the same, a warrnt of attachment issued, and was delivered to the sheriff for service. On the day it was issued, February 8, 1899, the sheriff, under said warrant, attached and took into his possession a certain mortgage upon real estate situated in Cass

county, N. D., and certain notes secured by said mortgage, consisting of a principal note, together with nine interest coupon notes. The mortgage so attached was made by George Foley and wife, as mortgagors, to one of the defendants in this action, viz., the Farmers' Trust Company of Sioux City, Iowa, and the notes were made payable to said mortgagee. The attachment of said property was made under the conditions hereafter stated. Prior to the seizure under the attachment an action had been instituted in the district court for Cass county to foreclose said mortgage. In said foreclosure action, George Foley and his wife were defendants, the Sioux City Safe Deposit & Trust Company was plaintiff, and the Farmers' Trust Company, one of the defendants herein, was intervenor. It appears that, while the testimony in the foreclosure action was being taken by a referee appointed in that action, the mortgage and all notes in question were offered in evidence, and were received and marked as exhibits by the referee, and that subsequently the referee allowed the attorney for the defendants in that action to remove the mortgage and notes to his office, temporarily, for examination, and that while the same were in the hands of such attorney they were attached, as above stated, and taken into the sheriff's possession. It appears that the mortgage and principal note, with two coupon notes, were delivered to the defendant herein, George H. Hollister, by one W. P. Manly, who was then president of the plaintiff in the foreclosure action, the Sioux City Safe Deposit & Trust Company, to be brought into this state for the purpose of being introduced in evidence in the course of the examination of said Hollister as a witness in the foreclosure action; and the further fact appears that the remaining coupon notes, seven in number, were at the same time put in evidence by the intervenor in that action, the Farmers' Trust Company, in support of its complaint in intervention; and it also appears that said coupon notes were, when introduced in evidence, the property of the defendant herein, the Farmers' Trust Company. The undisputed evidence shows that said mortgage and notes were, soon after their execution and delivery, sold, assigned, and transferred by the said mortgagee, and that by certain mesne assignments and transfers the said mortgage and principal note for $2,000, together with two coupon notes attached thereto, were acquired by, and became the property of, the plaintiff in said foreclosure action. The foreclosure action was commenced on or about the 25th day of April, 1898, and subsequently, and before said mortgage and notes were seized and attached herein, the defendant the Farmers' Trust Company intervened in the foreclosure action, and filed its complaint in intervention in said action, and did so for the purpose of protecting its interests as owner of the said seven coupon notes. The further fact appears that long prior to the commencement of said foreclosure action, and on the 28th day of December, 1896, in an action then pending in the district court for Woodbury county, in the state of Iowa, in which one C. C. Abbott was plaintiff, and said defendant herein, the Farmers'

Trust Company of Sioux City, Iowa, was defendant, such proceedings were had that the defendant herein, George H. Hollister, was duly appointed as receiver of said Farmers' Trust Company, and after such appointment he qualified and entered upon his duties, and that he was such receiver when this action was commenced, and has ever since been such receiver; that pursuant to such appointment the Farmers' Trust Company transferred to the receiver said seven coupon notes, with other property, and said notes were in the hands of the receiver when he brought the same into this state to be used by the intervener as evidence in said foreclosure action. And the further fact appears that said George H. Hollister, as a witness for the plaintiff in the foreclosure action, brought into this state the mortgage and the principal note and said two coupon notes, and the same were put in evidence, together with the coupon notes, as above stated. The facts as above narrated were duly brought to the attention of the district court upon the hearing of a series of motions made in this action in said court, and to the consideration of which motions we will now give attention.

The defendants in this action, by their attorneys, appearing specially for the purposes of the motion only, upon due notice, moved in the district court "for an order vacating and setting aside the writ of attachment herein issued and levied upon the 8th day of February, 1899, and vacating and setting aside the service of the summons and complaint in said action based upon said levy and said writ of attachment." This motion, which was contested, was heard and decided on August 30, 1899; and on said date an order was made granting the motion, in which the following language was used: "The court states, in granting this motion, that it had not in any way passed upon the contention between the defendants and the Sioux City Safe Deposit & Trust Company with reference to the ownership of the property in question." On the same day and upon the same state of facts, another motion was heard and decided in the district court, in which motion the plaintiff, the intervener, and the referee in the foreclosure action were the moving parties; and they applied to the district court for "an order directing the sheriff of said county of Cass to turn over to said Charles F. McNamara, as referee, the mortgage and notes refererd to." This motion was also granted on August 30, 1899, and the order embraced a statement similar to that above given, to the effect that the question of the ownership of the property attached herein was not decided in passing upon the application to return the attached property to the referee. The further proceedings in this action are recited in the abstract filed in this court, from which we quote as follows: "And thereafter, it appearing to the court and to the parties to this action that the question of the title to the notes and mortgage referred to in the motion papers and affidavits was involved in the said action of the *Sioux City Safety Deposit & Trust Co.* v. *Foley et al.*, and would necessarily be determined therein: Therefore, on August 31, 1899, on plaintiff's request, the plaintiff and defendants

herein (said defendants appearing specially) agreed in open court that said orders hereinbefore recited should be held in statu quo until the decision of this court in the said case of *Sioux City Safety Deposit & Trust Co.* v. *Foley et al.,* was announced; that is to say, that the rights of neither of the said parties should be in any way affected thereby until the rendering of such decision, and that upon such decision in said action such order should be made by the court as might seem proper. And thereafter, and on or about the 15th day of April, 1900, the court having announced its decision in said last-mentioned case, finding and deciding therein and thereby that said Sioux City Safety Deposit & Trust Company was and is the owner of said notes and mortgages, with the exception of seven coupon notes, which last-mentioned notes were decided to be the property of said Farmers' Trust Company; said seven coupon notes being the same notes particularly mentioned in the affidavit of Geo. H. Hollister, and said motions being consolidated by consent of all parties: Now, therefore, upon motion of Messrs. Ball, Watson & Maclay, attorneys for the defendants herein, appearing specially for the purpose of this application only, it is ordered that the writ of attachment heretofore issued and levied herein upon the 8th day of February, 1899, be, and the same is hereby, vacated and set aside, and that the service of the summons and complaint in this action, based upon said levy and said writ of attachment be, and the same is hereby, vacated and set aside, and that said defendants have their motion costs herein, taxed at the sum of $20." From the order last above described, vacating the attachment and setting aside the service of the summons and complaint, plaintiff has appealed to this court, and the making of said order is assigned in this court as error.

The controlling facts may be summarized as follows: First. That the defendants in this action were at all times in question non-residents, and that fact was stated in the affidavit for attachment; and it was further alleged in said affidavit that, when the affidavit was made, the defendants had property within this state subject to seizure by attachment. Second. That, as a matter of fact, the defendants, when the affidavit was made and the attachment was levied, had certain personal property in this state, to-wit, seven coupon notes, of $70 each, and that such property was brought within the state by the defendant Hollister, as receiver, and that the ownership of said coupon notes was vested in Hollister in trust, as receiver, and was held in trust for the use and benefit of his co-defendant, the Farmers' Trust Company. Third. That the residue of the property seized and attached herein was, when seized, the property of a stranger in this action, viz., the plaintiff in the foreclosure action. Fourth. That the property, when taken, had been put in evidence, and was in the possession of the referee, but was

when seized temporarily in the custody of the attorney of the defendants in the foreclosure action.

In this court the question of law presented is whether the order appealed from is erroneous. The recitals in the abstract, as above quoted, strongly indicate that the trial court, as well as counsel on both sides, attached great importance to the disputed question of the ownership of the property seized under the attachment. This view of court and counsel is clearly manifested in the stipulation made in open court on August 31, 1899, which, in effect, was an agreement that the previous orders of the court (those made on August 30th) should be held in abeyance and not be acted upon until the court had reached a final decision in the foreclosure action, in which action the ownership of all the property was directly in issue. Besides, the express terms of the final order are ample to indicate that the trial court bases such order upon its conclusions in the foreclosure action touching the title of said property. The order declares, "And therefore, and on or about the 15th day of April, 1900, the court having announced its decision in said last-mentioned case, finding and deciding therein and thereby that said Sioux City Safety Deposit & Trust Company was and is the owner of said notes and mortgages, with the exception of seven coupon notes, which last-mentioned notes were decided to be the property of said Farmers' Trust Company," etc. Upon this recital of grounds the court below proceeded to enter its order vacating the writ of attachment, and setting aside the service of the summons and complaint. It is our opinion that the order cannot be sustained upon any such foundation. The court found and decided in the foreclosure action that at the time the affidavit for attachment was filed, and when the levy was made, the defendant in this action, Farmers' Trust Company, who is conceded to be a nonresident, owned and had in Cass county, in this state, certain personal property, viz., seven coupon notes, of the face value of $70 each. Certainly such finding directly corroborates the decisive fact embodied in the affidavit upon which the warrnt issued. Nor does the fact that the officer, in seizing the defendants' property under the warrant, also seized and took into his possession certain other property not owned by the defendants, operate to defeat the attachment of defendants' property, or to disprove any fact upon which the warrant issued. It follows, therefore, in our opinion, that, if the order appealed from is to be sustained by this court, other grounds must be found upon which to rest such conclusion.

But we find no difficulty in affirming the order appealed from upon another ground. The complaint herein alleges "that on or about the 28th day of December, A. D. 1896, in proceedings duly instituted in a court of competent jurisdiction within said state of Iowa for the purpose of having appointed a receiver of all the property and assets of said corporation, the said defendant the Farmers' Trust Company was duly adjudged insolvent, and on or about the last-mentioned date the defendant George H. Hollister

was by such court duly appointed as such receiver; that ever since such appointment the said defendant Hollister has been, and now is, the duly qualified and acting receiver of all the property and assets of said defendant corporation." These averments of fact in the complaint are conceded to be true by the defendants, and the undisputed evidence submitted on the hearing of the motions in the court below shows that, after qualifying as receiver, the defendant Hollister brought all the property levied upon into this state, including the seven coupon notes, which coupon notes he had received in trust from the estate of his codefendant, and which were, when brought into this state, in his personal possession as receiver; nor did the receiver place said trust property in the hands of the referee for any purpose, except to be used by the court as evidence in support of an action in which his cestui que trust was a party, and in which said coupon notes were necessarily offered in evidence. Upon this state of facts, counsel for the respondents contend that the order dissolving the attachment and setting aside the service of the summons should be affirmed. In our opinion, this contention is sound, and must be sustained. It is entirely elementary that the possession of property by a receiver is, in the eye of the law, regarded as the possession of the court which appointed the receiver, and hence such property, being in custodia legis, cannot be seized by attachment or execution when in the hands of a receiver. See Beach, Rec. (2d Ed.) § 718; *Adams* v. *Haskell,* 6 Cal. 114, 65 Am. Dec. 491; High, Rec. § 151. But it is also a familiar rule of law that powers which are exercised or conferred by courts are limited, and such powers cannot ordinarily be exercised beyond the boundary of the territory over which the court has jurisdiction. In view of this restriction upon judicial authority, the question has been much mooted, where a receiver, after taking possession of property belonging to the insolvent estate, removes the same personally or by his agents to another state, whether such property can be subjected to seizure by attachment or execution in actions brought in such state against the beneficiary of the trust estate. But the decided weight and trend of the adjudications are to the effect that under such conditions the property so brought within a state cannot be seized by creditors. This rule rests upon the doctrine of comity, and also, it seems, upon article 4, § 1, of the constitution of the United States, which reads: "Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state; and the congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved and the effect thereof." Under this provision and the acts of congress it has been held "that the same effect is to be given to the record in the courts of the state where produced as in the courts of the state from which it is taken." See *Crapo* v. *Kelly,* 16 Wall. 610, 21 L. Ed. 430. The case cited arose under the insolvency laws of the state of Massachusetts, but the same rules applicable in such cases apply in receiverships. As supporting the better doctrine, see

Beach, Rec. § 247; *Chicago, M. & St. P. Ry. Co.* v. *Keokuk Northern Line Packet Co.*, 108 Ill. 317, 48 Am. Rep. 557; *Pond* v. *Cooke*, 45 Conn. 126, 29 Am. Rep. 668; *Cagill* v. *Wooldridge,* 8 Baxt. 581, 35 Am. Rep. 716; *Bagby* v. *Railway Co.*, 86 Pa. 291; *Humphreys* v. *Hopkins*, 81 Cal. 551, 6 L. R. A. 792 (dissenting opinion), cited, with note, in 15 Am. St. Rep. 76. See, also, Reno, Nonres. p. 186, § 153. In the case from Illinois (108 Ill. 317, 48 Am. Rep. 557), a receiver appointed in the state of Missouri took into his possession, as receiver, a certain barge, and thereafter chartered the same to a steamboat company. The steamboat company took the barge to Quincy, Ill., and there it was attached by the plaintiff in a suit against the insolvent. In that case the superior rights of the receiver were fully recognized, and the court said in the syllabus of the case, after stating the general rule as to the territorial limits of jurisdiction: "But where a receiver has once obtained rightful possession of personal property situate within the jurisdiction of his appointment, which he was appointed to take charge of, he will not be deprived of its possession, though he takes it, in the performance of his duty, into a foreign jurisdiction. While there it cannot be taken from his possession by creditors of the insolvent debtor who resides within such jurisdiction;" citing *Killmer* v. *Hobart,* 58 How. Prac. 452. Under these authorities, the rule is established that the property of a nonresident defendant cannot, while the same is in the hands of a receiver, if brought within this state for a lawful purpose, be seized under attachment proceedings in an action brought against such nonresident in this state. The same cases announce the opposite rule where the property of a nonresident is seized within the state prior to the date of the appointment of a receiver in another state, or is seized before the receiver takes actual possession of the property within his own state.

Our conclusion is that the order dissolving the attachment was properly made, and the same will therefore be affirmed. All the judges concurring.