# Somerset Coal Company, Appellant, *v.* Diamond State Steel Company.

*Receivers—Taking property into foreign jurisdiction—Attachment execution.*

1. Where money comes into the hands of receivers of an insolvent corporation appointed by the courts of another state and thereafter such money is brought by the receivers into Pennsylvania, it cannot be attached by a creditor of the corporation in this state.

2. A receiver who has obtained rightful possession of personal property within the jurisdiction of his appointment will not be deprived of his possession, where he takes it in the performance of his duty, into a foreign jurisdiction. It cannot there be seized by creditors of the debtor residing within such foreign jurisdiction; and the rule applies not only to the personal property itself, but also to money representing the proceeds of the sale of such property, after such money has been brought into the foreign jurisdiction.

*Attachment execution—Funds received by garnishee after service of writ.*

3. The effect of an attachment is to bind all funds of the defendant debtor that come into the hands of the garnishee after service of the writ and before judgment is entered.

Argued Jan. 15, 1909.   Appeal, No. 254, Jan. T., 1908, by plaintiff, from order of C. P. No. 3, Phila. Co., June T., 1904, No. 3,116, discharging rule for judgment against garnishee upon answers to interrogatories in case of Somerset Coal Company v. Diamond State Steel Company, Defendant, and Philadelphia Warehouse Company, Garnishee.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Rule for judgment against garnishee upon answers to interrogatories.

The opinion of the Supreme Court states the case.

*Error assigned* was order discharging rule for judgment against garnishee upon answers to interrogatories.

*H. S. P. Nichols*, for appellant.—The garnishee cannot complain of a judgment entered against it in this proceeding, because it is a mere stakeholder, and it must be a matter of indifference to it whether it pays the money to the attaching creditor, the plaintiff, under an order and judgment of this court, or whether it pays the amount to the defendant or its creditors in the jurisdiction of Delaware. The defendant cannot complain, because it voluntarily came into the jurisdiction of the court and paid the money to the garnishee to abide the action of the court, upon condition that the garnishee account to it for the surplus after the attachment was disposed of.

A sum deposited for a certain use, if not so used, is a debt due to the depositor: Balliet v. Brown, 103 Pa. 546; Rozelle v. Rhodes, 116 Pa. 129.

It would hardly be questioned under the facts of this case, as above set forth, that a judgment entered against the garnishee in this case would be an absolute protection to it, and would be a bar to any suit entered against it to recover the amount of the judgment in another state: Embree v. Hanna, 5 Johns. 101; Wilkinson v. Hall, 72 Mass. 568; Wallace v. McConnell, 38 U. S. 136; National Fire Ins. Co. v. Chambers, 53 N. J. Eq. 468 (32 Atl. Repr. 663).

The parties defendant and garnishee are before this court and therefore a judgment can be entered which will be binding upon them not only here but everywhere: Moore v. Spackman, 12 S. & R. 287; Noble v. Oil Co., 79 Pa. 354.

Goods pledged to a Pennsylvania corporation by a contract made in Philadelphia the pledge to be repaid in Philadelphia, are subject to attachment sur judgment recovered here against the pledgor, though the goods be stored by the pledgee for the sake of convenience in Delaware: Philadelphia Nat. Bank v. Hilgert, 3 Penny. 437; Childs & Co. v. Digby, 24 Pa. 23; Merchants', etc., Nat. Bank v. Baeder Glue Co., 164 Pa. 1.

Whatever may have come into the hands of the garnishee up to the time of answering is bound: Franklin Fire Insurance Co. v. West, 8 W. & S. 350; Silverwood v. Bellas, 8

Watts, 420; Sheetz v. Hobensack, 20 Pa. 412; Mahon v.
Kunkle, 50 Pa. 216; Hays v. Lycoming Fire Ins. Co., 99 Pa.
621; Riley v. Hirst, 2 Pa. 246.

*Ruby R. Vale*, with him *Ward & Gray*, for appellees.—The
sale of the merchandise in compliance with the decree of the
court having jurisdiction in Delaware and a stipulation en-
tered into between the garnishee and receivers for the defend-
ant did not make the proceeds of such sale, in excess of the
amount required to liquidate garnishee's claim, liable to the
attachment: Penna. R. R. Co. v. Pennock, 51 Pa. 244. The
stipulation between the garnishee and defendant did not pro-
vide for the bringing into the jurisdiction of the Pennsyl-
vania courts either the merchandise stored in Delaware, or
the whole or any part of the proceeds of its sale.

The decree of the United States circuit court for the dis-
trict of Delaware, passing upon the respective claims of prop-
erty of the garnishee and the receivers to the specific prop-
erty attached, cannot change the effect of the principles
of law above adverted to for the reason that an attachment
can bind only the property which has been attached and can-
not by any possible legal fiction be extended to property which
never came within the grasp of the process: Glenny v. Boyd,
26 Pa. Superior Ct. 380; Smith v. Eyre, 149 Pa. 272.

An attachment execution issued by a Pennsylvania court
against a foreign corporation and served upon a garnishee
in Pennsylvania does not bind merchandise, which at the
time of the impetration of the writ and service of inter-
rogatories upon the garnishee is located on land situate in
the state of Delaware, leased by the garnishee from defendant
and held by garnishee with the merchandise thereon stored
as security for a loan made by the garnishee to the defendant,
said loan being made in Pennsylvania and its repayment
promised to be made in said state: National Bank v. Fur-
tick, 2 Marv. (Del.) 35; Penna. R. R. Co. v. Pennock, 51 Pa.
244; Hollister v. Goodale, 8 Conn. 332; Childs v. Digby, 24
Pa. 23; Noble v. Oil Co., 79 Pa. 354; Stevenot v. Koch, 28
L. R. A. 600; Illinois Cent. R. R. Co. v. Cobb, 48 Ill. 402;

Bates v. Chicago, etc., Ry. Co., 60 Wis. 296 (19 N. W. Repr. 72); Rozelle v. Rhodes, 116 Pa. 129; Merchants', etc., Nat. Bank v. Glue Co., 164 Pa. 1.

*John Douglass Brown,* for Philadelphia Warehouse Company, garnishee.

OPINION BY MR. JUSTICE STEWART, March 29, 1909:

The Somerset Coal Company, a corporation of this state, having here obtained judgment against the Diamond State Steel Company, a corporation of the state of Delaware, caused a writ of attachment execution sur judgment to issue, summoning the Philadelphia Warehouse Company as garnishee. The writ when first served held nothing within its grasp. The Warehouse Company was not indebted in any way to the defendant debtor, and held no property belonging to the latter which was subject to the attachment process. On the contrary, the Diamond State Steel Company was largely in debt to the Warehouse Company, and for this indebtedness it had pledged and had delivered to the Warehouse Company, upon the latter's storage yards in Delaware, a lot of iron and steel in various forms. The property thus pledged was beyond the reach of process issuing from a court within this state. As to it the attachment was without effect, and the Warehouse Company could do with it what it pleased without incurring responsibility to the attaching creditor. The effect of an attachment, however, is to bind all funds of the defendant debtor that come into the hands of the garnishee after service of the writ and before judgment is entered. Subsequent to the service of the writ and before answer was made, the Diamond State Steel Company passed into the hands of receivers. By arrangement between the Warehouse Company and the receivers, approved by the court in Delaware having jurisdiction, the iron and steel held in pledge by the former were surrendered to the receivers, on the stipulation that the Warehouse Company should be paid its claim first from the proceeds of the sale of the same, and in addition the sum of $5,000 "to abide the

determination of the attachment issued out of the Court of
Common Pleas No. 3 of the City and County of Philadelphia,
with the right on the part of the receivers to apply for leave to
intervene in the cause in which the aforesaid attachment is-
sued, and to take such steps as they may be advised by coun-
sel to secure the dissolution of the said attachment; the
Warehouse Company to account to the receivers for any sur-
plus portion of said $5,000 which may remain after the said
attachment has been disposed of."

There is nothing in the mere circumstance that the money
was placed in the hands of the garnishee to abide the result
of the attachment that gives the appellant any right to it.
The object of so placing it was not to benefit the creditor,
but to protect and indemnify the garnishee. In no sense can
the latter be said to hold as trustee of the former. The one
question in the case is, was this money in the hands of the
garnishee within this state exempt from the attachment from
the suit of creditors here, because of the fact that it is part of
an insolvent estate being administered upon in the state of
Delaware by a court of equity through receivers appointed
by the court, brought here for special purpose by the re-
ceivers under the sanction of the court that appointed them?
The contention on part of the appellee is, that the court of
Delaware having no jurisdiction beyond the limits of that
state, the money when it came into this state, came re-
leased of all the right and title which the receivers had to it
in the state of Delaware. The question thus raised is not a
new one, though it seems never to have been expressly de-
cided in our state. In several other jurisdictions it has been
squarely met and decided and in a way adverse to appel-
lant's contention. If the decisions are not numerous, they
are uniformly consistent both in their reasoning and con-
clusions, and have been accepted without challenge. In
Crapo v. Kelly, 83 U. S. 610, personal property located in
Massachusetts was transferred to an assignee in insolvency
proceedings; the property afterwards being in New York was
attached by a creditor of the insolvent residing there. It was
held that the assignee had the prior right. In Pond v. Cooke,

45 Conn. 126, the receiver of an insolvent concern appointed by a court in New Jersey, where it was located, took possession of its assets, and for the purpose of completing a bridge in Connecticut, which the concern had contracted to build, bought some iron with the funds of the estate and sent it into Connecticut, where it was attached at a suit of a creditor there. It was held that the property having once vested as the property of a receiver by the law of the state where the property was situated, the law of another state would not divest the receiver of his right to it if he should take it into such state in the performance of his duty. The court there said: "When property has once vested in a trustee, assignee or receiver, by the law of the state where the property is situated, it makes no difference whether it is done under the local law of the state or the common law. The laws of another state will not divest the trustee, assignee or receiver of his right to the property, should he take it into said state in the performance of his duty. The courts of said state will inquire whether he has such right to the property when it comes into the state as between himself and their own citizens, but when the fact that he has such right is ascertained they will not regard it as important by what mode the right was acquired." In Chicago, etc., Railway Company v. Keokuk Northern Line Packet Company, 108 Ill. 317, it was held that a receiver who had obtained rightful possession of personal property within the jurisdiction of his appointment, will not be deprived of his possession though he takes it in the performance of his duty into a foreign jurisdiction; that it cannot there be taken by creditors of the debtor residing within such foreign jurisdiction. The present case cannot be distinguished from those we have cited in any material respect. The money in this case was derived from the sale of goods in Delaware which had passed into the possession of the receivers; the money stood in the place of the goods; the receivers in compliance with the order of the court having jurisdiction over them and the assets, placed it in the hands of the garnishee in this state. The money thereafter continued to be the property of the receivers, and as such was as

exempt from attachment here as it would have been had it remained in Delaware. The debtor himself could have asserted no right to it as against the receiver; and it is a recognized rule that the rights of the attaching creditor are simply those of the debtor. In the adjudged cases above referred to the controlling fact was that the property sought to be held by the attachment had already passed into the possession of the receivers. Once in their hands, it was thereafter subject only to the control and disposition of the court having jurisdiction over them and their accounts. Comity in such cases prevails to exempt the property from attachment in a foreign jurisdiction, when taken there under authority from the proper court.

Judgment affirmed.