## Price Battery Company v. Branham, Receiver, et al.

*Freeman, Fox & Steeble,* for petitioner.

*Edward I. Weisberg,* contra.

MACNEILLE, J., August 23, 1935.—A petition to quash and dissolve a proceeding instituted by foreign attachment was filed by Alfred H. Branham, one of the defendants, alleging that he was appointed receiver of the Murray Rubber Company, the other defendant, on November 21, 1930, by the United States District Court of New Jersey, and that he has so acted since; that, under the authority of the said court, he has conducted the business of the said company, which is manufacturing tires, and that among his customers was the Flash Auto Stores, Inc., the garnishee, which was indebted to the petitioner by reason of the sale of tires by the petitioner to the said garnishee; and that the property, business, and assets of the receivership are within the exclusive control of the United States District Court of New Jersey.

No answer to this petition has been filed and, therefore, the allegations contained therein must be accepted as true for the purpose of disposing of this rule.

Receivers have no rights or powers outside of the jurisdiction of the court of their appointment except as a matter of comity, and comity will not be extended when so doing would result in prejudice to Pennsylvania creditors. It therefore follows that where, subsequent to the appointment of a receiver at the domicile of a foreign corporation, a foreign attachment is levied in this State by a Pennsylvania creditor attaching property which has not yet come into the possession of the receiver, the attachment is valid. This subject matter has been thoroughly discussed in the very recent opinion of Judge Stadtfeld in the case of Nazareth Cement Co. v. Union

Indemnity Co. et al., 116 Pa. Superior Ct. 506, where all the authorities are reviewed. That the appointment of a receiver was by a Federal court does not affect the situation: Smith v. Electric Machinery Co. et al., 83 Pa. Superior Ct. 143.

However, it is equally well established that where a receiver has once obtained rightful possession of the property which he was directed to take charge of, he cannot be deprived of its possession though he takes it, in the performance of his duties, into a foreign jurisdiction. When property has once come into possession of a trustee, assignee, or receiver by the law of the State where the property is situated, the laws of another State will not divest the trustee, assignee, or receiver of his right to the property should he take it into said State in the performance of his duty. Comity in such cases prevails to exempt from attachment in a foreign jurisdiction when taken there under authority from the proper court: Lett v. Kirkpatrick, Receiver, 15 Pa. C. C. 212; Somerset Coal Co. v. Diamond State Steel Co., 224 Pa. 217; 23 R. C. L. 156.

From the uncontradicted averments in the petition it appears that the money in the hands of the garnishee, attached in this proceeding, is due for goods that were sold by the receiver himself to the garnishee, and that the receiver had rightful possession of the said property which he had been directed to take charge of prior to the sale and, therefore, by bringing the property under his control into our jurisdiction, since it was once in his hands, it is only subject to the control and disposition of the court having jurisdiction over him and is not subject to attachment in our courts.

Wherefore, the rule is made absolute.